Eder, J.
Defendant has moved for summary judgment dismissing a complaint in an action based upon section 36-a of the Lien Law. Defendant states that the real property involved is property in Connecticut upon which his corporation agreed to construct a small building — a fact omitted from the complaint, although readily admitted by plaintiff, which adds the fact that such property is owned by a resident of this city. Defendant maintains that all remedies under our Lien Law, including this section, are enforcible only with regard to the improvement of real property situated in this State.
The action is brought by a materialman suing on behalf of itself and all others similarly situated against defendant, alleged to be the president and treasurer of a New York corporation having its principal place of business in this city but which has recently been adjudged a bankrupt. In 1954 the corporation entered into a building contract with the resident owner of this property. It is further alleged that the owner paid the corporation $2,700 for such purpose; that same was deposited in its bank account with a New York City bank, defendant alone having authority to sign checks; and that he ‘ ‘ did apply and consent to the application of such trust funds ” for a purpose other than payment of claims of subcontractors, etc., in violation of the “ provisions of the lien law of the state of New York ”. Judgment was demanded directing defendant to account for unlawfully applying said funds.
This complaint has been drawn to conform to the procedure established in 1942 when, upon recommendation of the Law Revision Commission, the Legislature clarified and strengthened *677 the trust fund provisions of the Lien Law. (L. 1942, eh. 808.) The commission proposed that uncertainties which had arisen under the existing law be resolved so as to make it clear that a civil remedy was available (the law then stated only that a contractor who diverted such funds was guilty of larceny and some confusion arose as to whether he could be sued civilly for breach of trust). It recommended also that such remedy be not limited to mechanic’s lien claimants or judgment creditors (as had been held in some decisions on the subject), saying: “ There is no valid reason why a fund impressed with a trust for payment of the cost of improvement should not be available to all those who have contributed to the improvement” (1942 Report of N. Y. Law Revision Commission, p. 284).
Section 36-a had provided that “ The funds received by a contractor from an owner for the improvement of real property are hereby declared to constitute trust funds ” to be applied “ first to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen ” and that ‘ ‘ any officer,, director or agent of any contractor who applies or consents to the application of such funds for any other purpose ” is guilty of larceny. The 1942 amendment (L. 1942, ch. 808) then stated that “ Such trust may be enforced by civil action maintained as provided in article three-a of this chapter by any person entitled to share in the fund, whether or not he shall have filed, or had the right to file, a notice of lien or shall have recovered a judgment for a claim arising out of the improvement. ’ ’
Article 3-A entitled “ Enforcement of Trusts ” contains various procedural provisions for such a civil action. Section 71 in said article states that it may be enforced by a representative action for the benefit of all persons entitled to share in the fund. Section 76 expressly provides that this trust fund remedy is not exclusive; that such persons may proceed also by way of lien or any other action.
Having considered the applicable section governing this action, we now turn to the precise question here posed: Is this civil remedy to enforce the trust of section 36-a available with regard to an improvement of real property located outside of the State of New York, where the funds are received and diverted in this State?
Defendant’s argument is that the Lien Law in its entirety deals only with property located in this State and can not be given extraterritorial effect. It is true, of course, that certain provisions of the Lien Law (such as those dealing with mechanic’s liens) cannot possibly apply where the real prop *678 erty is located outside of the State. It does not necessarily follow that all provisions of the law must be so limited. The Legislature has nowhere in the law confined its operation to property located in this State. The definitions of 4 4 real property ” and 44 improvement ” (§ 2) (which would be the logical place for limiting the law to New York property only, had that been the legislative intent) are broad and all-inclusive with no reference to the location of the property so defined.
An analogous situation arose with regard to section 233 of the Real Property Law, which provides that security deposited by a ' tenant shall be kept as a trust fund by his landlord (Mallory Associates v. Barving Realty Co., 300 N. Y. 297). The lease was made and the security deposited in New York, but the property leased was in Virginia. It should be noted that the Real Property Law does not, in Definitions ” (§2) or any other general section, express the legislative intent that it shall apply only to property in this State and section 233 likewise is not limited in any manner. The Court of Appeals held that the section applied, pointing out that the security provision is not concerned with the creation or transfer of any interest in real property ” (p. 301). The majority (per Conway, J.) said (pp. 301-302): In enacting section 233, the Legislature was attempting to prevent the depletion of funds deposited with the lessor. * * * The security deposit paid over and held in this State was the thing to be protected. * * * The Legislature did not expressly limit the statute to deposits made under a contract for the use or rental of real property situated in New York, and we do not think it should be thus limited by judicial construction. The protection afforded by section 233 should apply to funds deposited in New York as security under a contract of lease made in New York between corporations created by New York, even though the real property which is the subject matter of the contract is located elsewhere. In so holding, we are not giving extraterritorial operation to the statute ”.
The reasoning there adopted applies, it seems to me, with even greater force to section 36-a of the Lien Law, particularly in view of the 1942 amendments. The Legislature clearly expressed its intention to protect all the subcontractors, materialmen, etc., entitled to share as a class in the funds received by the contractor and directed under penalty of law to be kept as trust funds for their benefit. Whether any of these had or had not filed liens or did or did not even have the right to file liens (which would be true as to all if the property were outside of the State) was immaterial; this trust remedy was created independent of all other remedies. It is the fund and not the *679 property which is the source of jurisdiction under this statute. Wherever the property may be located, if the contractor receives and misapplies the funds in this State, the statutory provisions enacted for the benefit of all entitled to receive such funds from him come into play. The section and article 3-A contain no words of limitation; on the contrary, they declare an extremely broad and liberal public policy.
If defendant’s contention were to be adopted, and no remedy be held available under our Lien Law because the property improved was in another State, a contractor might with impunity divert funds received for such improvement in New York. New York contractors do, of course, considerable work on property in other States and, quite often, for New York owners of such property. If prosecution and a civil trust action could not be had under New York law because the property was in another State, and prosecution and a civil trust action deemed unavailable under the law of that State because the fund was received and diverted in this State, the evident purpose of the statutory enactments of both States to protect laborers and materialmen would be in such a situation completely nullified. The only sensible interpretation is that this trust fund remedy is intended to apply, and does apply, to funds received in this State by a contractor to be used for the improvement of property wherever situated.
The motion is accordingly denied.