Paul Balsam, J.
Application by petitioner to examine the books and records of the respondent pursuant to the provisions of article 3-A of the Lien Law.
On January 12, 1965 the parties entered into a written contract whereby the petitioner, as contractor, became obligated to install a well point system and perform dewatering work for the respondent, as owner, in construction and improvement of certain real property located in Forest Hills, New York.
By General Condition “ E ” in the printed portion of that contract, the petitioner waived its lien for work, labor, services and materials furnished. That the petitioner could effectively and legally waive those rights is not in dispute here (Lien Law, § 34; Hcist Ohio Corp. v. Bethlehem Steel Co., 20 A D 2d 201, 204; Cieri Constr. Co. v. Gramercy Constr. Corp., 13 A D 2d 901).
The issue, however, revolves around the legal efficacy of the ‘1 waiver ’ ’ contained in the typewritten condition “ L ” of the General Conditions, to wit: “Contractor agrees to forebear from exercising any right it might have to examine books or records of owner and make copies thereof, or to receive a statement based thereon (Sec. 76, Lien Law). Contractor will incorporate this provision in all sub-contracts.”
On November 12, 1965, petitioner served a demand upon respondent to examine the latter’s hooks and records and make copies thereof in accordance with section 76 of the Lien Law. On November 16, 1965, the respondent, relying on the aforesaid condition “ L ”, rejected the demand.
*526 Petitioner now seeks to compel compliance with its demand on the ground that condition ‘ ‘ L ” is contrary to law and public: policy and is, therefore, void and unenforcible.
Respondent, in opposition, urges in essence that since petitioner expressly admits the existence in writing of condition “ L ” and, moreover, gave its express consent thereto in writing, this court should give full effect to the waiver agreed to by the parties.
Subdivision 4 of section 70 of the Lien Law creates a trust of the funds received by the owner under a building loan contract and further provides that the owner shall be trustee thereof and that the trust shall arise “ whether or not a covenant declaring or aclmotoledging the tntst * * * has been executed (Emphasis supplied.) The purpose of such a trust is to apply the assets thereof to the payment of the cost of the improvement (Lien Law, § 71, snbd. 1).
Subdivision 4 of said section 71 provides, in pertinent part: “ Persons having claims for payment of amounts for which the trustee is authorized to use trust assets as provided in this section are beneficiaries of the trust whether or not they have filed or had the right to file a notice of lien * * * or shall have recovered a judgment therefor.” (Emphasis supplied.)
Prom the foregoing, it becomes apparent that the trust provisions and the lien provisions of the Lien Law function independently, that a lien can be expressly waived in writing, and! that the petitioner’s status as beneficiary is independent of any lien he has or has not waived. (See Lien Law, § 79; Matter of Radory Constr. Corp. v. Arronbee Constr. Corp., 24 A D 2d 573.)
It is interesting to note that prior to 1929 an express agreement in writing to waive the lien was ineffective and contrary to public policy. However, section 34 of the Lien Law was; adopted that year “ and sets forth clearly and distinctly the only manner in which the class favored by the Lien Law may waive the right to file a lien. (Blanc, Mechanics Liens, §§ 10-a, 10-b).” (Heist Ohio Corp. v. Bethlehem Steel Co., 20 A D 2d 201, 204, supra, emphasis supplied.)
No similar provision for a waiver by the beneficiary of his right to examine the books and records of an article 3-A of the Lien Law trustee has been enacted by the Legislature and, analogously, this court, in the absence of a statutory provision permitting the same, will not enforce a clause in a contract affecting trust funds which would defeat the salutary purposes for which the law created such trusts.
Were this court to decide otherwise, the benefits to be derived from the existence of article 3-A, and, more particularly, section *527 76 of the Lien Law would be vitiated quite summarily by the owner’s inclusion in every contract of a waiver of inspection provision similar to the one here considered. One may waive a statutory or even a constitutional provision enacted for his benefit or protection where solely a private right is involved and public policy is not. (Selzer v. Baker, 295 N. Y. 145.) However, a right conferred upon a private person but which affects the public interest may not be waived if such waiver contravenes clearly enunciated public policy. (Estro Chem. Co. v. Falk, 303 N. Y. 83; see, also, 21 N. Y. Jur., 128-129, § 91.)
It is this court’s opinion that the considerations of public policy far outweigh respondent’s arguments and, accordingly, the application is granted.