■ In the Matter of ALLERTON CONSTRUCTION CORP., Respondent, v. FAIRWAY APARTMENTS CORP., Appellant. — In a special proceeding under article 3-A of the Lien Law, the owner of the subject real property appeals from an order of the Supreme Court, Queens County, entered March 18, 1966, which granted petitioner's motion to examine the owner's books and records and to make copies of any part or parts thereof (Lien Law, § 76). Order affirmed, with costs. The examination and making of copies shall proceed as provided in the order on a date to be fixed on 10 days' written notice or at such other time and place as the parties may agree upon by written stipulation. Petitioner Allerton Construction Corporation entered into a contract on January 12, 1965 with appellant Fairway Apartments Corporation. Under its terms Allerton was to install a "Wellpoint System" and was to perform dewatering work in the construction and improvement of certain real property owned by Fairway, the funds for which Fairway had obtained from the East New York Savings Bank pursuant to a building loan agreement. Under article 3-A of the Lien Law the funds received by an owner of real property "for or in connection

with an improvement of real property in this state \* \* \* shall constitute assets of a trust" (Lien Law, § 70). Hence, Fairway was a trustee of the trust assets under article 3-A. Allerton contends that on or about March 20, 1965, Fairway owed it $8,307.29 for labor performed and materials furnished pursuant to the contract. Fairway contends that Allerton failed to meet its contract obligations. On November 12, 1965, Allerton duly served upon the trustee, Fairway, a written demand to examine its books and records and to make copies thereof pursuant to the provisions of section 76 of the Lien Law. Upon receiving the written demand, Fairway rejected said demand on the ground that Allerton had theretofore bound itself by contractual agreement to forbear from demanding such an examination of books and records. The contract between Allerton and Fairway included a provision whereby the contractor, Allerton, expressly waived its right to examine the books and records of Fairway as the trustee-owner of the real property. The question before the court was whether a contractual provision in an executory contract which purports to waive the right of the beneficiary of a trust created under article 3-A of the Lien Law to examine the trustee's books and records pursuant to section 76 of the Lien Law, is enforcible and consonant with public policy. In our opinion, a purported waiver in executory contracts of the inspection provisions of section 76 would contravene the public policy of this State as expressed in its legislative enactment. The basic purpose of article 3-A is "to insure that funds obtained for financing of an improvement of real property and moneys earned in the performance of a contract for either a privately owned improvement or a public improvement will in fact be used to pay the costs of that improvement" (Recommendation of the Law Revision Commission to the Legislature, Relating to the Trust Fund Provisions of the Lien Law, 1959 Report of N. Y. Law Rev. Comm., p. 209). The predecessors of present section 76 are former subdivisions (4) and (5) of section 36-d and section 36-e, whereunder the trust beneficiary could serve a written demand after 60 days had elapsed from the due date of payment from the trustee. Under the 1959 amendment the demand to examine the trustee's books and records may be made "thirty days from the date his trust claim became payable, and thereafter not oftener than once in each month" (Lien Law, § 76). In our opinion, the reduction from 60 to 30 days of the period of time which must expire from the due date of payment before a demand can be made upon the trustee was clearly intended to strengthen the inspection provisions of section 76. The Law Revision Commission in its 1959 Recommendation (supra, p. 217) observed that section 76 "revises the existing provisions for books and records of the trustee and for examination of them by trust beneficiaries, and for furnishing of statements, so as to afford more adequate information concerning the state of the trustee's accounts". (Emphasis added.) "The whole purpose of these amendments seems to have been a strengthening of the procedures for keeping trust funds intact and not a weakening of them" (Matter of Fontaine Bleau Corp. v. Aquarama Swimming Pool Corp., 27 Misc 2d 315, 316–317). In our opinion, article 3-A declares a liberal public policy of our State in relation to building funds held as trust assets. Such a policy expressed in the legislative enactment would be contravened if this court were to permit the limitation of inspection under section 76 by enforcing its waiver in executory contracts (see Ridgefield Supply Co. v. Rosen, 1 Misc 2d 675). We are in accord with Special Term's observation that if such waiver were enforced, the benefits to be derived from article 3-A and, more particularly, section 76 of the Lien Law "would be vitiated quite summarily by the owner's inclusion in every contract of a waiver of inspection provision similar to the one here considered." (49 Misc 2d 525, 527.) Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.