■ In the Matter of STEWART M. MULLER CONSTRUCTION COMPANY, INC., Appellant, v ALVORD & SWIFT, Respondent.—In a proceeding to vacate a demand for a verified statement pursuant to section 76 of the Lien Law, petitioner appeals from an order of the Supreme Court, Westchester County, entered June 11, 1975, which, *inter alia,* denied the application. Order affirmed, with $20 costs and disbursements. A subcontractor, upon request made to the general contractor, is entitled to receive a verified statement pursuant to the provisions of section 76 of the Lien Law, which statement should contain reference not only to moneys allegedly owed on the contract, but also to claims based on damages due to delay and based on extra work performed on order (although not confirmed by change orders). (See Lien Law, § 70, subd 1; 71, subds 2 and 4.) Martuscello, Acting P. J., Cohalan, Munder and Shapiro, JJ., concur.

■ In the Matter of ANNIE STROUTHERS, Petitioner, v GLEN COVE HOUSING AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated March 20, 1975, and made after a hearing, which authorized the maintenance of eviction proceedings against petitioner. Determination annulled, on the law, with $20 costs and disbursements, and respondent is directed, upon proper application by petitioner, to authorize occupancy of the apartment in question by her and her two grandchildren. The review board's determination is not supported by substantial evidence on the record. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■ In the Matter of the Estate of MICHAEL TASTASSA, Deceased. NORMAN BEHER, Respondent; REBECCA ABREVAYA, Appellant.—In a probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Queens County, dated January 27, 1975, which, *inter alia,* admitted the will to probate. The notice of appeal is hereby amended to render the appeal also from an order of the same court, dated January 2, 1975, which dismissed appellant's objections to probate. Order and decree affirmed, without costs. We are in accord with the Surrogate's determination that appellant's objections should be dismissed for lack of prosecution. Further, for that reason and under the circumstances appearing in the record on this appeal, appellant was not entitled to an accounting. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.