Frank R. Bayger, J.
The plaintiffs are the record owners of certain residential property located in the Town of Grand Island in Erie County, New York. Title to this property was acquired by deed from the defendant corporation pursuant to a contract of sale executed by the parties on or about June 16, 1976. The contract provided that the "seller shall pay the costs of sewer dye test or septic system inspection and provide satisfactory report thereof where applicable”. No such testing was requested or accomplished prior to closing, however, and *411 the defendant’s deed was accepted and recorded and the sale completed without objection on July 14, 1976.
Subsequent to closing, an Erie County Health Department inspection disclosed that the property’s septic system was inadequate and violative of the county’s Sanitary Code. The present action was thereupon commenced for specific performance of the contract provision or damages for its alleged breach by the defendant. The defendant grantor has denied any misrepresentation or other actionable wrongdoing on its part; denied responsibility for the testing or repair of the system; denied the inadequacy of the system; and has alleged affirmative defenses founded upon the principles of merger and/or waiver.
The first affirmative defense is founded upon the general rule that all obligations and provisions of a contract for the sale of land are merged in the deed and are consequently extinguished upon the closing of the sale (see 15 NY Jur, Deeds, § 75). That rule does not properly apply however in situations where its application would be contrary to the intention of the parties or where the contract provision is not an integral part of the principal purpose of the contract, namely a conveyance of title to real property. Absent proof of an intentional waiver, such separate, collateral undertakings unassociated with questions of title, possession or quantity of land may be deemed to have survived acceptance of the deed (Staff v Lido Dunes, 47 Misc 2d 322; Ferro v Miller, 41 Misc 2d 331). In this case a Health Department inspection was admittedly called for by the terms of the contract. Its accomplishment has no bearing upon and is clearly collateral to the conveyance of title. The provision in question may therefore be said to be a collateral undertaking which, in the absence of waiver, survived the purchasers’ acceptance of the deed. There has been no showing of an intended waiver in this case, nor may such a waiver be presumed (Staff v Lido Dunes, supra; and, see, 15 NY Jur, Deeds, § 75, p 151). The inspection provision of this contract must be deemed to have survived the closing.
This result is also mandated by considerations of public policy. The Erie County Sanitary Code (art IV, §12) provides that no transfer of title to Erie County property may be made or accepted without a Health Department inspection and approval of the property’s sewage disposal system. That prohibition, duly promulgated by the Erie County Board of Health
*412 pursuant to section 347 of the Public Health Law (L 1953, ch 879, as amd) is obviously designed to promote the health and welfare of the general public and represents an unequivocal enunciation of public policy binding upon all parties to a sale of Erie County property. Thus in this case an inspection and approval of the seller’s septic system was both intended by the parties and required by local law. Although its accomplishment might inure to the benefit of the purchasers, performance by the seller as required by the contract may not be waived since such a waiver would contravene clearly stated public policy. "One may waive a statutory or even a constitutional provision enacted for his benefit or protection where solely a private right is involved and public policy is not * * * However, a right conferred upon a private person but which affects the public interest may not be waived if such waiver contravenes clearly enunciated public policy.” (Matter of Allerton Constr. Corp. v Fairway Apts. Corp., 49 Misc 2d 525, 527; and see 21 NY Jur, Estoppel, Ratification, and Waiver, §§ 90, 91.)
The septic system inspection and approval provided for by this contract and mandated by local law did not merge in the delivery and acceptance of the deed and could not be waived. Neither an inadvertent nor intentional nonperformance of this contract requirement prior to closing may be allowed to frustrate the public policy enunciated by the county’s Sanitary Code. An inspection and approval being mandatory and the burden of performance as between the parties to this transaction having been placed by their agreement upon the defendant seller, the plaintiffs continue to be entitled to that performance. The affirmative defenses alleged in the defendant’s answer are therefore dismissed and the plaintiffs shall be granted partial summary judgment to that effect. The remaining issues raised by the pleadings involve questions of fact incapable of determination upon the affidavits and exhibits submitted herein. The parties’ respective motions for summary judgment are therefore otherwise denied.