OPINION OF THE COURT
Bentley Kassal, J.
This is a motion to strike the answers of both defendants for failure to appear for an oral examination. On the call of the calendar, the motion was granted conditionally by reason of the technical default by the defendants, who had submitted *154 answering papers through lawyers answering services but had not complied with the rules of this court which require that "All contested motions must be attended by counsel who shall be prepared to argue orally”. (22 NYCRR 660.8 [b] [6] [ii].)
After an order was issued on said default, it was brought to my attention that although the caption in the notice of motion indicates that this is a New York County action, the action, in fact, is pending in Bronx County and the index number noted on the papers is a Bronx County index number.
ISSUE
The issue raised sua sponte is whether this motion was properly made returnable in New York County.
THE LAW
CPLR 2212 (subd [a]) expressly provides that a motion "shall be noticed to be heard in the judicial district where the action is triable or in a county adjoining the county where the action is triable.” (Goldsholle v House of Leo Chang; NYLJ, April 7, 1972, p 19, col 1.) The history of this provision makes it clear, however, that it was enacted to provide an alternate forum for resolution of motions when no motion term was being held in the county where the action was pending, such as in up-State counties. (See Waldron v National Broadcasting Co., NYLJ, Feb. 24, 1965, p 16, col 2, and the authority cited therein.) However, since each county within New York City maintains a regular weekly motion calendar, the underlying rationale for the rule has lost its vitality in New York City today.
POLICY CONSIDERATIONS
Therefore, the question is whether there are any factors by way of benefits from the rule that outweigh its drawbacks or, stated differently, are there significant reasons why the free use of this section should be continued.
The only benefit cited for the rule is that it provides a convenient forum for attorneys when they all maintain offices in New York County.
The drawbacks are manifold, including, inter alia, the following: (1) Various counties, including New York County, have special and, in some instances, different rules pertaining to motion practice (as the Special Term, Part IA rules in New York County requiring oral argument described above). To *155 permit motion practice in other than the county where the action is pending permits forum shopping either for movant’s advantage or to the disadvantage of other parties. For example, an attorney could make a disclosure motion in a county where argument is optional if he wanted to avoid this rule, or conversely, make a motion in a case pending in another adjoining county returnable in New York County if he wanted to compel his adversary to argue.
It has been suggested that procedural differences might conceivably be eliminated by applying the rules of the "home” county to the county where the motion is returnable. Obviously, this is not practical. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2212:l-4, p 44.) However, unless the court where the motion is returnable is advised that the motion pertains to an action in another county, which may have different rules, it is probable that this issue will slip through on the call of a motion calendar.
(2) Use of this procedure causes numerous additional administrative problems for the court clerks who must maintain duplicate files. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2212:4, p 44.) As is frequently the case, it may necessitate the transfer of the original court file to the county where the motion is returnable in order to examine prior pleadings and orders which may be relevant to the instant motion. At the very least, this should require the purchase of a new index number.
(3) The procedure has a deleterious effect on an already overburdened motion calendar of this court. (Matter of Allerton Constr. Corp. v Fairway Apts. Corp., 49 Misc 2d 525.)
(4) This will enable attorneys to harass their adversaries who maintain offices in the county where the action was commenced.
(5) It facilitates Judge and calendar rules shopping in different counties.
DECISION AND ORDER
For all of these reasons, the order previously entered is vacated and the motion is dismissed without prejudice to renewal in Bronx County. (Matter of Allerton Constr. Corp. v Fairway Apts. Corp., supra; Republic Co. v Meyers, NYLJ, Jan. 28, 1966, p 16, col 3; see, also, Baker, Voorhis & Co. v Heckman, 28 AD2d 873; Republic Co. v Meyers, NYLJ, June *156 2, 1967, p 16, col 1; Waldron v National Broadcasting Co., supra; Nadeau v Greyhound Lines, NYLJ, June 19, 1969, p 17, col 5; American Accordian-Fold Doors v Arnold Corp., NYLJ, July 10, 1969, p 2, col 4.)
The clerk of this court is directed to transmit this decision and order together with any file in this court to the Supreme Court, Bronx County, where the action is pending.