OPINION OF THE COURT
John S. Lockman, J.
Motion by petitioner Primiano Construction Company (Primiano) to vacate a demand for a verified statement pursuant to subdivision 5 of section 76 of the Lien Law is denied and cross motion by Ferran Concrete Company (Ferran) to compel compliance with such demand is granted.
On July 13, 1977 Primiano entered into a contract with the City of Glen Cove for the construction of a waste water treatment plant. Less than a month later Primiano subcontracted with Ferran for concrete work, steel, wire mesh and accessories and the attendant labor. Both contend that the performance of the contract and subcontract were delayed by the actions of the City of Glen Cove giving rise to claims for extra expenses. On June 6,1980 Primiano and Ferran entered into a “liquidating agreement” pursuant to which Primiano was to press the claims against the city and to pay Ferran out of the sums recovered, except that the first $50,000 was to go to Primiano for prior advances. The agreement contained additional terms to apply in the event Primiano was unsuccessful and also to apportion the costs of potential litigation.
*524 On September 30, 1982 Ferran served upon Primiano a demand pursuant to subdivision 1 of section 76 of the Lien Law that Primiano supply a verified statement essentially accounting for sums received under the main contract and their disposition. Primiano moves to vacate the demand on the grounds that article 3-A of the Lien Law, and specifically sections 75 and 76, are inapplicable because of the liquidating agreement.
Article 3-A of the Lien Law is intended to assure payment to laborers, materialmen and subcontractors by creating a fiduciary relationship between them and the recipient of funds under a principal contract in which the funds are held in trust. (Conforti & Eisele v Salzstein & Co., 56 AD2d 292.) Because it rests upon strong public policy concerns, not even a contractual waiver will suffice to exempt a party holding trust funds from compliance with article 3-A. (Allerton Constr. Corp. v Fairway Apts. Corp., 26 AD2d 636.) Nevertheless, Primiano contends that the so-called liquidating agreement precludes Ferran’s reliance on subdivision 1 of section 76 of the Lien Law. The liquidating agreement did not in any essential way alter the relationship between Primiano and Ferran vis-a-vis funds received from the City of Glen Cove, though it did resolve potential claims between them. Accordingly, the public policy concerns underlying article 3-A are as applicable to the situation after the agreement as they were before it came into existence. Eminon Accoustical Contrs. Corp. v Richkill Assoc. (89 Misc 2d 992) relied upon by Primiano is distinguishable in that there the subcontractor settled and compromised his claims against the owner. More nearly in point is Conforti & Eisele v Salzstein & Co. (supra) where compliance with a subdivision 1 of section 76 of the Lien Law demand was compelled.
Primiano shall serve the verified statement within 10 days after service upon it by Ferran of a copy of this order.