■ RAYMOND S. PETERS, Appellant, v JOYCE E. PETERS, Respondent.—Order of the Supreme Court, Dutchess County, dated November 18, 1984, affirmed, with costs, for reasons stated by Justice Beisner at Special Term. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.

■ P. M. EXCAVATING, INC., Respondent, v MATTHEWS INDUSTRIAL PIPING CO., INC., Appellant, et al., Defendants.—In a breach of contract action, defendant Matthews Industrial Piping Co., Inc. appeals from so much of an order of the Supreme Court, Richmond County (Rubin, J.), dated December 8, 1983, as denied that branch of its motion which was to strike plaintiff's demand for a verified statement of entries in books and records pursuant to Lien Law § 76.

Order affirmed, insofar as appealed from, without costs or disbursements.

Special Term properly denied that branch of appellant's motion which was to strike plaintiff's demand for a verified statement of entries in books and records pursuant to Lien Law § 76. The plaintiff, a subcontractor, upon request made to the appellant, a general contractor, is entitled to receive a verified statement pursuant to the provisions of Lien Law § 76 *(see, Matter of Muller Constr. Co. v Alvord & Swift,* 50 AD2d 572; *Harry J. Kangieser, Inc. v Palm Beach Realty Co.,* 223 NYS2d 38).

We have considered appellant's claim that plaintiff waived any right it had to obtain a verified statement by virtue of the "contractors payment affidavit" executed by plaintiff's president, and we reject such claim. In affidavits submitted to Special Term by plaintiff, plaintiff made a prima facie showing that that document was invalid for lack of consideration. In view of the strong public policy of the State, which favors early and liberal disclosure as to the existence and status of any trust arising under Lien Law article 3-A, any doubts that might exist as to the validity of a particular subcontractor's claim must be resolved in favor of permitting the claim *(see, Conforti & Eisele v Salzstein & Co.,* 56 AD2d 292; *Matter of Allerton Constr. Corp. v Fairway Apts. Corp.,* 26 AD2d 636). Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.