■ Toys "R" Us—NYTEX, Inc., Appellant, v Rosenshein Development Corp. et al., Respondents.—In an action to foreclose a mortgage, in which the defendants have counterclaimed asserting, *inter alia,* the right to an offset against the mortgage debt, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered July 7, 1989, as granted those branches of the defendants' motion which were for partial summary judgment as to liability against it with respect to the defendants' second, third and fourth counterclaims, and which stayed the entry of judgment on its complaint pending a trial of damages on those counterclaims.

Ordered that the order is modified, on the law, by deleting the first decretal paragraph thereof and substituting therefor a provision denying those branches of the defendants' motion which were for partial summary judgment on the second, third and fourth counterclaims; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff as seller and the defendant Rosenshein Development Corp. as buyer made a contract in which the former promised to convey "good and marketable title in fee simple * * * free and clear of all liens, encumbrances, tenancies, and other objections or exemptions to title, except for the Permitted Encumbrances". In a related purchase money mortgage agreement, the plaintiff as mortgagee and the defendant buyer as mortgagor agreed that the mortgage debt would be offset "to the extent of any damages accrued by virtue of a breach or failure of the warranties or representations set forth in [the] contract of sale". The parties specifically agreed that this offset provision would "survive closing".

After closing, it was discovered that the property in question was encumbered by a lien which was not listed as one of the "Permitted Encumbrances" in the contract. Thus, the plaintiff seller did not fulfill what the parties' contract describes in Section 7 as his "closing obligation" to transfer to the defendant buyer a "Bargain and Sale Deed with Covenant Against Grantors Acts executed in recordable form * * * *so as to convey to [the defendant buyer] good and marketable title in fee simple * * * free and clear of all liens [except those permitted]"* (emphasis supplied).

The plaintiff's entitlement to the remedy of foreclosure is undisputed; the only question concerns whether the defendants are entitled to an offset pursuant to the provisions of

the mortgage agreement cited above. Ordinarily, a seller would not be subject to liability in an action for damages based on an alleged breach of a promise concerning the state of title which was contained in a contract of sale, but not in subsequent deed *(see generally,* 15 NY Jur, Deeds, § 75, at 151 [rev ed]). However, in this case the parties specifically agreed that the offset provisions of the mortgage contract would "survive closing", so that those provisions cannot be considered as having merged into the deed *(see, e.g., Davis v Weg,* 104 AD2d 617, 619; *Yaksich v Relocation Realty Serv. Corp.,* 89 Misc 2d 410; *Ferro v Miller,* 41 Misc 2d 331; 1 Rasch, Real Property Law & Practice § 1297).

The question thus becomes whether the plaintiff seller's failure to convey the property in the state promised constitutes a "failure of the warranties or representations set forth in [the] contract", so as to permit the defendants an offset for the damages accruing from that failure. The plaintiff seller argues that since the contract defines his obligation to convey the property as a "condition precedent" and specifically authorizes the delivery of a bargain and sale deed with covenant against grantor's acts (albeit one "so as to convey * * * good and marketable title" as defined in the contract), it did not, in fact, breach any "warranties" or "representations".

Considering that there is a fundamental distinction between a warranty, on the one hand, and a condition precedent, on the other *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 112-113), and considering, also, that the contract contains one section entitled "Seller's Covenants", in contrast to one entitled "Condition Precedent" (the seller's obligations as to the state of title appearing in the latter rather than the former), we cannot conclude that the intention of the parties has been so unambiguously expressed as to warrant partial summary judgment in the defendants' favor.

The action should, therefore, be remitted for a trial on the relevant issues, including the issue of whether the parties in fact intended that the plaintiff seller's closing obligations concerning the state of title would constitute "representations" or "warranties" which, pursuant to the parties' mortgage agreement, would survive the delivery of the deed. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.