■ PHYLLIS ZITO, Appellant, v BEAUMONT OFFSET CORP., Respondent. [635 NYS2d 532] —In an action to recover damages for

the nonpayment of a promissory note and breach of contract, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered April 12, 1994, as denied her cross motion for summary judgment, and (2) from an order of the same court, entered December 30, 1994, which denied her motion for summary judgment.

Ordered that the order entered April 12, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered December 30, 1994, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

We agree with the Supreme Court that the plaintiff failed to establish her entitlement to judgment as a matter of law. Specifically, there are questions of fact regarding whether the terms of the agreement accompanying the promissory note in question constituted a condition precedent to payment *(see, Ruttenberg v Davidge Data Sys. Corp.,* 215 AD2d 191; *Toys "R" Us—NYTEX v Rosenshein Dev. Corp.,* 172 AD2d 826, 827), and, even if we assume that the terms were a condition precedent, whether the defendant had proceeded diligently and used its best efforts to fulfill the terms *(see, Kroboth v Brent,* 215 AD2d 813; *Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254, 260; *Norgate Homes v Central State Bank,* 82 AD2d 849, 850).

The plaintiff's other contentions are without merit. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.