OPINION OF THE COURT
George Friedman, J.
Defendant moves to change venue of this Westchester County action to New York County pursuant to CPLR 511 (a), based on a convenience of material witnesses. Plaintiffs cross-move to retain venue in Westchester County. The motion papers are *387 silent on one crucial point—why is this motion pending in Supreme Court, Bronx County?
The court surmises that Bronx County has been chosen as the forum for the present motion pursuant to CPLR 2212 (a). That section provides, as is here pertinent, that a contested motion “shall be noticed to be heard in the judicial district where the action is triable or in a county adjoining the county where the action is triable” (Emphasis added.) The derivation of this somewhat startling provision is rule 63 of former Rules of Civil Practice. The procedure permitting motions to be heard in an “adjoining county” was ostensibly motivated by a desire that parties in rural counties not be deprived of a forum to hear motions when no Motion Part was in session in the county where the action was brought. (2A Weinstein-Kom-Miller, NY Civ Prac ¶ 2212.02.)
Efforts were at one time undertaken to revise the availability of an adjoining county for motion practice, in order to discourage Judge shopping, but these efforts were rebuffed by the Bar (2d Prelim Report of Advisory Comm on Prac and Pro, 1958 NY Legis Doc No. 13, at 181-182). Now, almost 40 years later, may be a suitable time for the Legislature to consider abrogating this anachronism. Those valid considerations for permitting this procedure in the past no longer apply, especially in view of the adoption of the Individual Assignment System (IAS). Indeed, even before the advent of IAS, the procedure was criticized as placing an inordinate burden on the court system in maintaining duplicate files, encouraging forum shopping, and placing an undue imposition on Justices with ample motion calendars (Baker, Voorhis & Co. v Heckman, 28 AD2d 673 [1st Dept 1967]; Cwick v City of Rochester, 54 AD2d 1078 [4th Dept 1976]; Cordero v Grant, 95 Misc 2d 153).
The court is mindful that the submission of the present motion in Bronx County does not violate the procedure established by the Individual Assignment System. The CPLR grants the Chief Administrator of the Courts the authority to vary the procedures set forth in CPLR 2212 (a) through (c) (CPLR 2212 [d]). The Uniform Rules for Trial Courts (22 NYCRR 202.1 [d]) provide, “The provisions of this Part shall be construed consistent with the Civil Practice Law and Rules (CPLR), and matters not covered by these provisions shall be governed by the CPLR.” A case such as the present case where there had been no prior request for judicial intervention (R.J.I.) prior to the bringing of the instant motion is “unassigned”. Such a motion will be accompanied by a request for judicial intervention (22 *388 NYCRR 202.8 [b]). Specifically, where the moving party chooses to bring the first motion in an “unassigned” action in an “adjoining county”, the Uniform Rules for Trial Courts (22 NYCRR 202.8 [b]) provide, “Motion papers noticed to be heard in a county other than the county where the venue of the action has been placed by the plaintiff shall be assigned to a judge in accordance with procedures established by the Chief Administrator.” This court is unaware of the promulgation of any special procedures by the Chief Administrator which apply in this instance. Consequently, absent any contrary IAS rules, the practice set forth in the CPLR governs, and this motion is technically properly brought in Bronx County.
As Siegel wryly observes, this matter could have been assigned by the Clerk’s Office to a Justice in Westchester County (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2212:l, at 52 [“the justice assigned is likely to be one who serves in the county of the action’s main venue regardless of the county chosen for the motion”]). This did not occur here. Indeed, under the IAS rules, all future motions would have to be referred to me as the “assigned judge”. (22 NYCRR 202.8 [a].)
To avoid the anomaly of this court being assigned further motions in this action, and to circumvent a procedure which should be avoided under most conceivable situations, this court declines to hear the instant motion and cross motion. The court finds that it retains authority to transfer the motions to the proper court (see, Cwick v City of Rochester, supra; see also, CPLR 2217 [c]). The motion and cross motion are denied without prejudice to renew in the County of Westchester, where the parties are directed to file a new R.J.I.
The court urges the Chief Administrator to promulgate rules to discourage parties from pursuing similar tactics, at least with respect to courts sitting in urban areas, making provision for those rare cases when, perhaps due to the inability to find an impartial forum, some valid reason is presented to bring an action in an “adjoining county”.