■ CAMARDA DEVELOPMENT CO., INC., Plaintiff, and MID-HUDSON REALTY CORP., Appellant, v WILLOW RIDGE AT CARMEL, INC., et al., Respondents. [830 NYS2d 721]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff Mid-Hudson Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 9, 2006, as denied those branches of its motion, made jointly with the plaintiff Camarda Development Co., Inc., which were for summary judgment on its third cause of action and for summary judgment dismissing the defendants' first counterclaim, and denied that branch of the motion of the plaintiff Camarda Development Co., Inc., made jointly with it, which was for summary judgment dismissing the defendants' second counterclaim.

Ordered that the appeal from so much of the order as denied that branch of the motion of the plaintiff Camarda Development Co., Inc., made jointly with the plaintiff Mid-Hudson Realty Corp., which was for summary judgment dismissing the

defendants' second counterclaim is dismissed, as the plaintiff Mid-Hudson Realty Corp. is not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The defendants' second counterclaim alleges that the plaintiff Camarda Development Co., Inc. (hereinafter Camarda), breached a certain construction contract, inter alia, by performing the work thereunder in a defective and unworkmanlike fashion. The plaintiff Mid-Hudson Realty Corp. (hereinafter Mid-Hudson) and Camarda jointly moved, inter alia, for summary judgment dismissing the defendants' first and second counterclaims, respectively. The Supreme Court denied those branches of the joint motion, but only Camarda, in effect, sought relief with respect to the second counterclaim. We note that, to the extent the brief filed purports to be on behalf of Camarda, no notice of appeal was filed on its behalf. Because Mid-Hudson, named as the appellant in the notice of appeal, is not aggrieved by the provision of the order denying that branch of Camarda's motion, made jointly with it, which was for summary judgment dismissing the defendants' second counterclaim, we must dismiss so much of its appeal as was from that provision of the order (*see Geoghegan v Peninsula Hosp. Ctr.*, 309 AD2d 834 [2003]).

However, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' first counterclaim, asserted against Mid-Hudson to recover damages for breach of a representation and warranty in a contract (hereinafter the contract of sale) for the sale of real property (hereinafter the property). In opposition to Mid-Hudson's prima facie showing of entitlement to summary judgment dismissing the first counterclaim, the defendants raised a triable issue of fact as to whether Mid-Hudson breached the representation and warranty it made in the contract of sale, and represented as true and correct at the closing, that it had "received no notice of any pending or threatened condemnation or eminent domain proceedings . . . with respect to . . . the property." The defendants proffered evidence that Mid-Hudson was aware, at least four months before the closing, of a possible taking of a part of the property by the New York State Department of Transportation for use as a bikeway. Approximately seven months after the closing, the taking was effectuated. Moreover, the contract of sale contained a provision pursuant to which the parties expressly agreed that the representation and warranty survived closing (*see Joseph v Creek & Pines*, 217

AD2d 534, 535 [1995]; *Toys "R" Us—NYTEX v Rosenshein Dev. Corp.*, 172 AD2d 826 [1991]; *cf. Ka Foon Lo v Curis*, 29 AD3d 525, 526 [2006]).

The plaintiffs' remaining contention is without merit. Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.