Smith v Kennedy (2024 NY Slip Op 50888(U))

[*1]

Smith v Kennedy

2024 NY Slip Op 50888(U)

Decided on July 12, 2024

Supreme Court, Nassau County

Bogle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 12, 2024
Supreme Court, Nassau County

Elaine Portuondo Smith and ANDRENA Y. WYATT, Petitioners-Objectors,

against
Robert F. Kennedy, Jr. and NICOLE SHANAHAN, Respondents-Candidates, and
  DONNA L. HARRIS, DAWN M. D'ARCANGELO, ROSS W. ELAKMAN, ALAN S. GOMPERS, LISA B. JACQUES, KEVIN J. MADONNA, VICTORIA E. MADONNA, PHILIP J. MARSESCO, JENSUH Y. MCCORMACK, JAVIER EDUARDO MERIZALDE, JENNIFER L. MEYERSON, KENNETH A. NOGA, MARY C. O'DONNELL, GINA M. KRAUSE, VALENTIN PARKS, JR., NANCY V. PIERRO, TERESA E. POLSKY, VARIN D. SAWH, LAWRENCE P. SCHNAPF, CELESTE L. SHEAR, JAMES L. SHEAR, JEHANZED SYEB, EILEEN S. TEPPER, BRUCE T. THORNE, LITA L. THORNE, JOSUA VOGEL, KRISTIN ANN MARIE WHITE, KELLY A. ZANETO, RESPONDENTS-ELECTORS 
 and HENRY T. BERGER, PETER S. KOSINSKI, ESSMA BAGNUOLA, and ANTHONY J. CASALE, Commissioners constituting the NEW YORK STATE BOARD OF ELECTIONS, RESPONDENTS.

Index No. 000427/2024

The Law Office of Gary L. Donoyan
Attorneys for Respondents-Candidates
and Respondents-Electors-Candidates
565 Plandome Road, # 209 
Manhasset, New York 11030
Harris Beach PLLC
Attorneys for Petitioners-Objectors
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
By: Jared A. Kasschau, Esq., Of Counsel
Thomas J. Garry, Esq., Of Counsel
Chiara Haueter, Esq., Of Counsel
New York State Board of Elections
Respondents
40 North Pearl Street, Suite Five
Albany, New York 12207
By: Brian L. Quail, Esq., Of Counsel

Robert G. Bogle, J.

Motion of the respondents, Robert F. Kennedy, Jr. And Nicole Shanahan, candidates for President and Vice President of the United States of America, and Electors, by counsel, for a change of venue from the County of Nassau to the County of Albany, for place of trial under CPLR §§ 510 (1) and 511 (b), is determined as hereinafter provided.
BACKGROUND
Robert F. Kennedy, Jr. and Nicole Shanahan, are candidates for President and Vice President, of the United States of America on the "We The People" party , a new and independent political party. Their petition to be placed on the New York ballot was filed on May 28, 2024.
This motion comes before this Court by way of an Order to Show Cause dated May 31, 2024. As a judge of a designated part for election cases, this Court was assigned this matter. The gravamen of the Petitioner-Objectors is that the Kennedy ballot petition is invalid and lacks the requisite number of signatures sufficient to be placed on the ballot at the November, 2024 election date. The Petitioner-Objectors further allege, among other issues, that the Kennedy petition "is invalid due to fraud, forgery and/or illegality not appearing on the face of the documents submitted to the New York State Board of Elections". The Respondents filed a verified answer and served a demand for change of venue on June 12, 2024. On June 17, 2024 the Petitioner-Objectors served an Affirmation in Opposition to the demand. Thereafter, a motion for a change of venue by the Respondents was filed on June 19, 2024 and the motion is now before this Court.

DISCUSSION
The Respondents' motion specifically demands this election matter be moved from Nassau County, and transferred to Albany County as a new place for trial. The Respondents base this argument on CPLR § 506(b) claiming this is a "proceeding against a body or officer" and it shall be commenced in any county within the proper judicial district. The Respondents claim Albany County to be the appropriate county, as one of the parties is the New York State Board of Elections (hereinafter NYSBOE) and Albany is where the New York State Agency is located. The following below is CPLR §§ 506 (a) and 506 (b).
§506 Where special proceeding commenced.
(a) Generally. Unless otherwise prescribed in subdivision (b) or in the law authorizing the proceeding, a special proceeding may be commenced in any county within the judicial district where the proceeding is triable.
(b) Proceeding against a body or officer. A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located.
There is a specific difference between CPLR § 506 (a) and CPLR § 506 (b). The Respondents claim the current proceeding is based on CPLR § 506 (b), a proceeding under CPLR § Article 78, against a body or officer. However, the appropriate section is CPLR § 506 (a), which governs special proceedings and not Article 78 proceedings. Article 78 reviews are limited to whether a body or officer failed to perform a duty enjoined by law, engaged in an error of law that was arbitrary and capricious and/or an abuse of discretion determined by an appropriate administrative hearing. CPLR § 7803. Thus, the use of the Article 78 petition is limited to specific review of an agency's procedures and limited to the action specifically taken by that specific agency, such as, for example, a review of a local zoning board determination. Siegel, NY Proc sec 549 (6th Ed) . Therefore, as explained below, Article 78 does not apply to election proceedings. Leroy v. NYC Board of Elections, 793 F. Supp 2d 533 (Ed NY 2011).
Article 16 of the New York State Election Law, and not CPLR § Article 78, governs proceedings under New York election matters. Section 16-100 (1) vests the New York Supreme Court "with jurisdiction to determine any question on law or fact arising as to any subject set forth in this article, which shall be construed liberally". All powers of the Court are provided by this statute. Delgado v. Sunderland, 97 NY2d 420 (2002); Sullivan and Donovan, LLP v. Bond, 175 Misc 2d 386 (Bronx Co. Sup. Ct 1997). That power includes the determination of fraud, which is separate and apart from any issues determined by the NYSBOE. Phillips v. Suffolk County, 21 AD3d 509 (2nd Dept. 2005).
In Matter of Feustel v. Garfinkle, 29 AD3d 831 (2nd Dept. 2006), the Appellate Division set forth the scope of Supreme Court authority. Feustel concerned a proceeding to invalidate a nominating petition, and the Appellate Division held that the trial judge incorrectly sent the matter back to the Board of Elections for review for possible fraud. The Appellate Division held [*2]the Board of Elections had no power to deal with matters not appearing upon the face of the petition, and as such any court proceedings, including review of extrinsic matters, such as issues of fraud. (See also, Schwartz v. Hefferman, 304 NY 474 (1952). Therefore, courts have hybrid authority, to review ministerial findings of the Board of Elections as well issues that could not be appropriately reviewed by the Board of Elections. Matter of Sullivan v. New York County Board of Election, 224 AD2d 565 (2nd Dept. 1996).
As Article 78 is not applicable here, this Court shall now determine if a special proceeding under CPLR § 506(a) venue remains appropriate in Nassau County. All of the Petitioners-Objectors reside in Nassau County and communicated their objections in Nassau County. As a procedural matter, many witnesses are from Nassau County and New York City, and Nassau County would be a clearly convenient place for litigation. Brothers of Mercy v. DeBuono, 237 AD2d 907 (4th Dept. 1997). Due to the expeditious nature of the proceedings, out of state witnesses will be easily transported by JFK airport, as opposed to Albany airport. The law firms are located in Nassau County. Also, the NYSBOE, although a necessary part, has not taken a position on the venue motion and should be considered a nominal party.
Lastly, the Court takes exception to Respondent's application of 22 NYCRR 202.64(a) of the uniform rules of the Supreme and County Courts, which states in part, "as far as practical, the application shall be brought in the county in which it arose". The action arose where various alleged activities of fraud took place. Nassau County is one of the several counties where this action "arose" and a number of the witnesses, parties and attorneys are in the Nassau County area and thus, a change of trial to Albany County would have burdensome results for the Petitioners. Therefore, Nassau County is the preferred practical choice for trial.
It has been held that the court's role in interpreting a statute is to discern and implement the will of the legislature and attempt by reasonable construction to reconcile and give effort to the subject legislation. Carney v. Philippone, 1 NYS3d 333 (2004). Accordingly, the Court finds that it is CPLR § 506(a) and Article 16 of the Election Law, not 22 NYCRR 202.65 (a) that is controlling in the case at bar. Here, if "the rule or regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight". Kurcsics v. Merchants Insurance, 49 NY2d 451, 459 (1980). Additionally, 22 NYCRR 202.1 (d) takes note that these rules are "to be construed consistent with the Civil Procedure Law and Rules and matters not covered by these provisions shall be governed by the CPLR", See, South Central Plaza, Inc. v. Village of Spring Valley, 159 AD3d 915 (2nd Dept. 2018). The relevant statute also states that the authority and jurisdiction of the Supreme Court should be interpreted liberally under Election Law 16-100 (1).
Accordingly, the motion of the Respondents for a change of venue for place of trial is denied. In reaching this determination, the Court reviewed Respondent's motion papers and exhibits, the memorandum of law of Petitioners-Objectors and oral arguments held on July 11, 2024.
This determination shall constitute the decision and Order of the Court.
It is, SO ORDERED.
E N T E R
HON. ROBERT G. BOGLE
Acting Supreme Court Justice
[*3]Dated: July 12, 2024
Mineola, NY 11501