JOEL D. DAVIS et al., Appellants, v SIDNEY WEG et al., Respondents. — In an action, *inter alia,* to recover damages for fraud and for rescission of a contract for the conveyance of

realty, or, in the alternative, to recover damages founded upon the breach thereof, plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Orange County (Rosenblatt, J.), dated October 15, 1982, which, after a nonjury trial, *inter alia,* dismissed the causes of action for rescission and fraud, and granted defendant Ceporah M. Levine, the mortgage assignee, a judgment of foreclosure on the purchase-money mortgage, referring computation of the sum due on the mortgage to a referee.

Order modified, on the law, (1) by adding a provision requiring that the defendants Weg shall either be required to pay the reasonable cost for moving certain bungalows, fixtures and other items that reasonably need to be moved in order to dedicate a 50-foot strip along Schunnemunk Road, or, in the alternative, in the event appropriate approval can be secured, be required to pay the reasonable cost of installing a replacement road adjacent to the existing road so as to avoid the cost of moving the bungalows, etc., which would comply with the 50-foot dedication requirements of the Town of Woodbury, and referring to the referee the question of which of those alternatives is most feasible; (2) by adding after the words "[a]s for Health Code Violations, the referee must determine the expenses incurred", the following: "or which will be incurred for violations in existence at the time title passed", and (3) by adding a provision requiring that the damages that defendants are liable for be offset against the purchase-money mortgage held by defendant Levine, assignee of the purchase-money mortgage. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Orange County, for assignment to a referee, and further proceedings consistent herewith.

Plaintiffs Davis and Lewis contracted to purchase from defendants Sidney and Yetta Weg a parcel of property of about 50 acres of land in the Town of Woodbury, New York. This parcel contained about 110 units utilized as a summer bungalow colony. The defendants Weg sold plaintiffs this 50 acres out of an approximately 70-acre parcel of land which they owned, effectively subdividing their property without obtaining subdivision approval, the closing being held on or about January 19, 1978. The contract of sale provided, *inter alia,* that defendants Weg warranted that the premises would be conveyed free of all violations of law or municipal ordinances and represented that all furniture and equipment used in the operation of the bungalow colony was in operating condition as of the end of the 1977 summer season. The total purchase price of the property

amounted to $425,000, of which approximately $50,000 was paid in cash. Additionally, plaintiffs assumed two existing bank mortgages in the total sum of $73,738.16, the balance of the purchase price being represented by a purchase-money second mortgage to the defendant sellers Weg in the sum of $301,000. Less than a month after closing, defendants Weg assigned their purchase-money mortgage to their daughter, defendant Ceporah M. Levine.

Thereafter, plaintiffs commenced the instant action, *inter alia,* seeking damages for fraud and rescission of the contract, or, in the alternative, damages for breach of contract. Defendants counterclaimed, *inter alia,* to foreclose on the purchase-money mortgage. After a nonjury trial, the trial court, *inter alia,* dismissed the causes of action seeking rescission and damages for fraud, granted plaintiffs damages for breach of contract based upon the Wegs' conveyance of the premises with outstanding "Health Code Violations" and equipment in nonworking order, and appointed a referee to compute reasonable damages for the costs plaintiffs had incurred in curing certain "Health Code Violations" and repairing or replacing furniture and equipment. The trial court further required that defendants obtain a legal subdivision of the property they had sold to plaintiffs and sustained the counterclaim for mortgage foreclosure.

Generally, the obligations and provisions of a contract for the sale of land are merged in the deed and, as a result, are extinguished upon the closing of title (see 15 NY Jur [rev ed], Deeds, § 75, p 151). However, this rule does not apply where there is a clear intent evidenced by the parties that a particular provision shall survive delivery of the deed, or where there exists a collateral undertaking (see 1 Rasch, Real Property Law & Practice, § 1297; *Yaksich v Relocation Realty Serv. Corp.,* 89 Misc 2d 410; see, also, *Ferro v Miller,* 41 Misc 2d 331). Article 7 of the contract at issue states, in pertinent part, that "[a]ll notes or notices of violations of law * * * shall be complied with by the seller and the premises shall be conveyed free of the same, and this provision of the contract shall survive delivery of the deed". As the defendants Weg violated this provision by conveyance of the premises and structures thereon with outstanding Health Code violations, and by failing to obtain subdivision approval, and as such provision survived delivery of the deed, they are liable, pursuant to the " 'benefit of the bargain' " rule, *inter alia,* for those costs necessary to put the property in the condition it would have been in if delivered as warranted (see *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 469; see, also, *Sager v Friedman,* 270 NY 472, 481).

Accordingly, the defendants Weg are obligated to pay the reasonable costs of curing all Health Code violations in existence at the time title was conveyed and the trial court's limitation of damages to those costs already incurred constituted error. Since plaintiffs do not contest the trial court's direction that the defendants Weg obtain a legal subdivision, that issue is not before us. However, the trial court should also have required that the defendants Weg pay whatever costs are involved in obtaining the subdivision approval. As the Town of Woodbury has apparently concluded that before it will consider the grant of a subdivision, there must be dedicated a 50-foot wide strip along Schunnemunk Road, which runs through the bungalow colony, and it appears that in order to do so, certain bungalows and fixtures will be encroached upon, we have modified the order appealed from to provide for the consideration of the feasibility of two alternatives by the referee. In this regard, the referee should consider any appropriate and relevant input from the Town of Woodbury.

With respect to the trial court's award to plaintiffs of damages for the costs incurred in fixing and replacing items of furniture and equipment, we note that, having failed to cross-appeal, defendants cannot be heard to complain (cf. *Hecht v City of New York,* 60 NY2d 57). Finally, we note that plaintiffs are entitled to have the damages awarded offset against the amount, if any, owing on the purchase-money mortgage (*Granick v Mobach,* 13 AD2d 534). We have considered plaintiffs' remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Thompson and Boyers, JJ., concur.