■ FRED H. ALEXY et al., Respondents, v JOHN SALVADOR et al., Appellants. [630 NYS2d 133] —Mercure, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered August 17, 1994 in Warren County, upon a decision of the court in favor of plaintiffs.

On June 13, 1969, Fred Alexy and plaintiff Wilhelmine M. Alexy contracted to sell Dunham's Bay Lodge (hereinafter the Lodge property) in the Town of Queensbury, Warren County, to defendants' predecessors in title. The contract provided that the Alexys were to reserve title to a small parcel of residential property (hereinafter the Alexy property), which was to enjoy

"beach privileges on the present beach site of [the Lodge property]". Consistent with the contract's express terms, by separate deeds recorded August 11, 1969, the Alexys conveyed the entire Lodge property to defendants' predecessors in title, who, in turn, conveyed the Alexy property back to the Alexys. Significantly, and at the heart of the present controversy, neither of those deeds granted, reserved or made any reference to beach rights. Plaintiffs, who are the current owners of the Alexy property, commenced this action pursuant to RPAPL article 15, as relevant to this appeal, to compel a determination of their claim of right to beach privileges, either by express grant or prescriptive easement. Following a nonjury trial, Supreme Court found for plaintiffs on both theories and accordingly granted judgment in their favor. Defendants now appeal.

In our view, plaintiffs have not demonstrated their entitlement to an easement for the use of the beach. First, we agree with defendants that the June 13, 1969 contract created no easement in favor of the Alexys and their successors in title that survived the deeds to the Alexys and to defendants' predecessors in title. Fundamentally, prior negotiations and agreements regarding the sale of land merge into and are extinguished by the deed of conveyance (*see, Lawlor v Engley*, 166 AD2d 799; *Snyder v Potter*, 134 AD2d 664; *Davis v Weg*, 104 AD2d 617; 43A NY Jur 2d, Deeds, § 215, at 150-151), and any inconsistencies between the contract and the deed are presumed to be explained and governed solely by the latter (*see, Summit Lake Assocs. v Johnson*, 158 AD2d 764; *see also, Schoonmaker v Hoyt*, 148 NY 425, 430). Although the general rule "does not apply where there is a clear intent evidenced by the parties that a particular provision shall survive delivery of the deed, or where there exists a collateral undertaking" that is not connected with the title, possession or quantity of land (*Davis v Weg, supra*, at 619; *see, Summit Lake Assocs. v Johnson, supra*, at 766), the record discloses no evidence of any such intent. Further, a contract provision cannot be a collateral undertaking if it is "an integral part of the principal purpose of the contract, namely a conveyance of title to real property" (*Yaksich v Relocation Realty Serv. Corp.*, 89 Misc 2d 410, 411; *see, Summit Lake Assocs. v Johnson, supra*, at 766), and it cannot be seriously contended that a grant of an easement does not constitute a conveyance of an interest in real property.

We now turn to plaintiffs' claim of an easement of beach rights by prescription. Fundamentally, in order to establish a

prescriptive easement, it was incumbent upon plaintiffs to show by clear and convincing evidence that the use of the disputed property by them and their predecessors in interest was adverse, open and notorious, continuous and uninterrupted for the 10-year prescriptive period (*see*, RPAPL 311; *Led Duke v Sommer*, 205 AD2d 1009; *Charlebois v Lobe-A Prop. Owners*, 193 AD2d 916). Although seasonal use of the property will not prevent the proponent from establishing a prescriptive easement, the burden remains to establish that the use was continuous and uninterrupted and commensurate with appropriate seasonal use (*see, Led Duke v Sommer, supra; Miller v Rau*, 193 AD2d 868; *Epstein v Rose*, 101 AD2d 646, *lv denied* 64 NY2d 611). We conclude that plaintiffs failed in that burden.

Inasmuch as the Alexy parcel was created in August 1969 and this action was commenced in June 1990, plaintiffs could satisfy their burden by showing continuous and uninterrupted use of the beach area during any unbroken 10-year period therein. Although plaintiffs offered arguably sufficient evidence concerning the use of the beach during the eight-year period from 1969 to 1976 and the five-year period from 1986 to 1990, the evidence concerning the period from 1977 to 1985 was insufficient to satisfy plaintiffs' burden. Significantly, the only trial evidence concerning that period was the generalized and conclusory testimony of plaintiff Jane A. Alexy and Carmen Ludemann concerning visits by certain relatives of Fred Alexy and Wilhelmine Alexy one or two weekends each year. We conclude that such nonspecific evidence of sporadic visitor use is insufficient to demonstrate an employment of the property commensurate with existing seasonal uses (*see, Charlebois v Lobe-A Prop. Owners, supra; Abbott v Herring*, 97 AD2d 870, *affd* 62 NY2d 1028; *cf., Reiss v Maynard*, 148 AD2d 996).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to defendants, by reversing so much thereof as determined that plaintiffs have an easement by grant and/or an easement by prescription; it is declared that plaintiffs have not demonstrated their entitlement to an easement for the use of the beach; and, as so modified, affirmed.