■ RICHARD J. AUSTIN, Appellant, v TIMOTHY BARBER, Doing Business as NU-TECH CONSTRUCTION COMPANY, Respondent. [642 NYS2d 972] —Mikoll, J. P. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), entered April 10, 1995, upon a decision of the court in favor of defendant.

In March 1990 defendant, a home construction contractor, entered into a written contract with plaintiff whereby defendant would construct a log home for plaintiff on property plaintiff owned in Washington County. The contract price for the construction of the log home was $80,700. During construction of the home in 1990 plaintiff made daily visits to the building site. Upon completion of the home, a certificate of occupancy was issued. Plaintiff immediately took up residence in

the home, but within a short time complained of erosion problems on the west end of the dwelling and of gaps between certain portions of the logs, which permitted light and air to enter into the home. Defendant, however, refused to correct these problems.

Plaintiff subsequently commenced the instant action for breach of contract, alleging that defendant failed to use proper procedures and skills in constructing the log home which caused plaintiff to sustain damages in the sum of $10,000.

Defendant in his answer set forth a counterclaim alleging that despite full performance of the work contracted for, plaintiff failed and refused to pay the balance due on the contract in the sum of $5,000. Defendant then specifically alleged in his bill of particulars several extras that he performed for plaintiff at plaintiff's specific requests totaling $10,713.67. In his bill of particulars, defendant also claimed $5,000 in damages due to plaintiff's refusal to allow defendant to show the home as a model after construction.

Following a nonjury trial, County Court permitted the parties to submit proposed findings of fact and conclusions of law. Thereafter, the court dismissed plaintiff's complaint ruling, *inter alia*, that plaintiff's claims were based on special requests made by plaintiff during the construction of the log house. Concerning defendant's counterclaim County Court found in defendant's favor as to seven of the first eight extra items alleged and awarded damages for each of the seven extra items, amounting to a total award of $9,733.67. The court denied defendant's request for $1,000 as an extra cost for the tub, toilet and tile due to insufficient proof, and also denied defendant's request for $5,000 in damages for plaintiff's refusal to allow defendant to show the home as a model. Additionally, County Court awarded defendant costs and expenses in the sum of $1,159.55. Plaintiff appeals.

Subsequent to the perfection of this appeal, defendant moved for permission to serve an amended answer and counterclaim on plaintiff. This request was granted by County Court. Consequently, defendant argues that this appeal is now moot because the central issue raised by plaintiff was that the court granted relief to defendant in excess of the amount requested in the ad damnum clause. As a result, this Court allowed each party to submit supplemental briefs as to the propriety of County Court's grant of defendant's motion to amend the ad damnum clause.

The judgment of County Court should be affirmed. County Court properly awarded defendant reimbursement for orally

requested modifications in the construction contract and did not err in permitting defendant to amend its counterclaim to increase the amount demanded in the ad damnum clause.

Plaintiff argues that County Court improperly awarded defendant reimbursement for changes and extras plaintiff allegedly verbally requested because the changes were not in writing and, therefore, were not binding on plaintiff. This argument lacks merit. Plaintiff bases his argument on a clause in the written agreement providing that any alteration or deviation involving specific extra costs will be executed only upon written orders (see, General Obligations Law § 15-301 [1]). However, this prohibition is not applicable where, as here, the conduct of the parties demonstrates an indisputable mutual departure from the written agreement and the changes were clearly requested by plaintiff and executed by defendant (see, Pau v Bellavia, 145 AD2d 609, 610; Rose v Spa Realty Assocs., 42 NY2d 338, 341, 343).

Plaintiff's assertion that County Court improperly permitted defendant to testify as to the cost of providing the alleged modifications to the agreement, without furnishing documentary evidence supporting his testimony, is rejected. The record reveals that defendant was involved in every phase of the construction and clearly had personal knowledge of the cost of the modifications at issue (see, Reed Paving v Glen Ave. Bldrs., 148 AD2d 934, 935; Najjar Indus. v City of New York, 87 AD2d 329, 332, affd 68 NY2d 943).

We reject plaintiff's contention that County Court's verdict is against the weight of the evidence in respect to the denial of his claim for damages because of defendant's failure to (1) utilize splints to keep the logs together, (2) construct a drain in the garage floor, (3) install Anderson brand glass doors, and (4) to construct retaining walls at the north end of the house to combat soil erosion. The testimony of defendant concerning the above items was based on his personal knowledge and was sufficient to sustain County Court's denial of plaintiff's entire claim. We note that although our authority to review a verdict in a nonjury trial "is not limited to determining whether the findings of the trial court are supported by the weight of the credible evidence, deference will still be given to the trial court's assessment of credibility issues" (J & J Structures v Callanan Indus., 215 AD2d 890, 891, lv denied 86 NY2d 708; see also, Hoover v Durkee, 212 AD2d 839, 841; Carter v State of New York, 194 AD2d 967).

Also without merit is plaintiff's argument that County Court erred in allowing defendant to amend the ad damnum clause

of his counterclaim after having awarded defendant an amount greater than that originally requested. Although plaintiff alleges that he was prejudiced in that the ad damnum clause affected his trial strategy, plaintiff has failed to present any evidence showing how his case preparation was harmed. Plaintiff's reliance on *Mykulak v New York Journal Am.* (44 AD2d 791) is misplaced, as that case has been superseded by the Court of Appeals decision in *Loomis v Civetta Corinno Constr. Corp.* (54 NY2d 18), where that Court opined that: "Prejudice, of course, is not found in the mere exposure of the [party] to greater liability. Instead, there must be some indication that the [party] has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*supra*, at 23). In the case at bar, plaintiff was fully aware of the extent of defendant's damages before trial, as these damages were fully set forth in defendant's bill of particulars submitted prior to trial.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.