■ KENNETH HUNT et al., Appellants, v MARGARET KOJAC, Respondent. [666 NYS2d 330] —Mikoll, J. P. Appeal from an order of the Supreme Court (Leaman, J.), entered November 25, 1996 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

On June 20, 1989, plaintiff Lois Y. Hunt (hereinafter purchaser) contracted with defendant to purchase approximately 3.655 acres of real property, including a residence, located in the Town of Windham, Greene County. A rider to the contract provided, *inter alia*, that "Purchaser's performance of this agreement shall be contingent upon the buildings and improvements erected on the premises, including the well, septic system and any leach field being situate within the bounds of the property."[1]

Some two years after the closing of the transaction and purchaser's entry into possession, plaintiffs discovered that a portion of the leach line and septic field servicing their property was located outside the bounds of same, and within the bounds of an adjoining parcel of land owned by defendant.

Plaintiffs commenced this action in 1993 alleging, *inter alia*, causes of action for breach of contract and fraudulent concealment of the location of the septic system and leach field, and seeking damages for the cost of installing a septic system completely within their property's bounds. On the day set for trial, plaintiffs withdrew all causes of action except that alleging breach of contract, which cause of action defendant moved to dismiss alleging that it was barred by the doctrine of merger.[2] Supreme Court granted defendant's motion and this appeal by plaintiffs ensued.

Under the well-established doctrine of merger, provisions in a contract for the sale of real estate merge into the deed and are thereby extinguished absent the parties' demonstrated

---

**1.** Another provision of the rider permitted purchaser to assign her rights under the contract to herself and plaintiff Kenneth Hunt, and indeed title was taken by plaintiffs as joint tenants with rights of survivorship.

**2.** Because the doctrine of merger is inapplicable to causes of action alleging fraud, defendant did not move for summary judgment until the fraud claim was withdrawn by plaintiffs.

intent that a provision shall survive transfer of title (see, *Goldsmith v Knapp*, 223 AD2d 671, 673). Excepted from this rule are provisions which involve a " 'collateral undertaking' that is not connected with the title, possession or quantity of land" (*Alexy v Salvador*, 217 AD2d 877, 878, quoting *Davis v Weg*, 104 AD2d 617, 619; see, *Goldsmith v Knapp, supra*, at 673). Plaintiffs contend that the doctrine of merger does not bar their breach of contract action because the provision in question was collateral to, and consequently survived, the transfer of title.

As a threshold matter, we find that the plain language of the provision seriously compromises plaintiffs' argument since purchaser's performance was contingent upon the well, septic system and any leach field being situated within the bounds of the property. As noted by Supreme Court in its oral decision, by virtue of this provision purchaser retained the right, prior to performance of the agreement, to satisfy herself as to the matters therein, and she in fact conditioned her obligation to close the transaction upon her satisfaction on these points. Whereas other portions of the agreement recite whether they are to survive the closing,[3] there is no such language included in the provision in question. Indeed, one would not expect such language since, by definition, the closing would not occur until and unless the contingency was satisfied or waived. Implicit in purchaser's proceeding to closing is the acknowledgment that all conditions precedent to her performance were discharged or satisfied.

Moreover, in no sense is the provision "collateral". "[A] contract provision cannot be a collateral undertaking if it is 'an integral part of the principal purpose of the contract, namely a conveyance of title to real property' " (*Alexy v Salvador, supra*, at 878, quoting *Yaksich v Relocation Realty Serv. Corp.*, 89 Misc 2d 410, 411).

Finally, plaintiffs' contention that summary judgment was improper because the provision of the contract was ambiguous and thus presented a question of fact is likewise without merit.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

3. For example, another provision in the rider relating to defendant's responsibility for compliance with laws and ordinances specifically recited that it "shall survive closing".