■ 1455 Washington Avenue Associates, Appellant, v Rose and Kiernan, Inc., Respondent, et al., Defendant. [687 NYS2d 791] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered July 1, 1998 in Albany County, which granted a motion by defendant Rose and Kiernan, Inc. to dismiss the complaint against it for failure to state a cause of action.

In 1994 plaintiff, as seller, and defendant Rose and Kiernan, Inc. (hereinafter defendant), as buyer, entered into an agreement for the sale and purchase of certain real property located on Washington Avenue in the City of Albany. The parcel in question, which was vacant and unimproved, was adjacent to other property owned by plaintiff that was leased or used as a hotel. According to plaintiff, defendant purchased the parcel in question with the "understanding" that an office building would be constructed upon it.

The matter proceeded to a closing in May 1995, at which time an addendum to the purchase agreement and a road maintenance agreement were executed and delivered with the deed. Insofar as is relevant to this appeal, such documents obligated plaintiff to construct and maintain a road for suitable ingress and egress for vehicular and pedestrian traffic over plaintiff's adjacent parcel, thereby providing defendant with access for "the use and occupancy of [its] [l]ands, including, specifically, the office building to be constructed thereon".

Defendant thereafter allegedly entered into a contract with defendant Candlewood Hotel Company, Inc. for the construction of a hotel upon the subject parcel, prompting plaintiff to commence this action to enjoin the construction of a hotel at that location, asserting that such action would violate the terms of the purchase agreement entered into by plaintiff and defendant. Defendant subsequently moved to dismiss the complaint for failure to state a cause of action and Supreme Court granted the motion, finding that plaintiff failed to allege or demonstrate that defendant was contractually obligated to construct an office building (or to refrain from constructing another type of building) upon the parcel purchased from plaintiff. This appeal by plaintiff ensued.

We affirm. The rules governing our review of a motion to

dismiss pursuant to CPLR 3211 (a) (7) are both simple and straightforward—we must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory (*see, Sand v Chapin*, 238 AD2d 862, 863). We need not, however, "accept as true legal conclusions or factual allegations that 'are either inherently incredible or flatly contradicted by documentary evidence'" (*Ferran v Belawa*, 241 AD2d 841, 843, quoting *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936; *see, Doria v Masucci*, 230 AD2d 764, 765, *lv denied* 89 NY2d 811).

Applying these principles to the matter before us, we conclude that defendant's motion to dismiss was properly granted. As a general rule, "prior negotiations and agreements regarding the sale of land merge into and are extinguished by the deed of conveyance * * * and any inconsistencies between the contract and the deed are presumed to be explained and governed solely by the latter" (*Alexy v Salvador*, 217 AD2d 877, 878 [citations omitted]; *see, Summit Lake Assocs. v Johnson*, 158 AD2d 764, 766). An exception to this rule exists, however, "'where there is a clear intent evidenced by the parties that a particular provision shall survive delivery of the deed, or where there exists a collateral undertaking' that is not connected with the title, possession or quantity of land" (*Alexy v Salvador, supra*, at 878, quoting *Davis v Weg*, 104 AD2d 617, 619; *see, Goldsmith v Knapp*, 223 AD2d 671, 673).

Defendant, noting that the subject deed contains no restrictions upon the use of the parcel, contends that the doctrine of merger bars plaintiff's cause of action. In response, plaintiff asserts that the proposed use of property was a "collateral matter" and notes that the addendum to the purchase agreement, which also referenced the road maintenance agreement, expressly provided that "all the terms and conditions [t]hereof shall survive the closing". Accordingly, plaintiff argues that the exception, and not the general rule, governs the instant appeal.

Assuming, without deciding, that the deed in question does not control here, plaintiff nonetheless has failed to allege that the sale of the property to defendant was expressly conditioned upon defendant's promise to construct an office building—and only an office building—upon the parcel. Although plaintiff has selectively quoted portions of the purchase agreement, the addendum thereto and the road maintenance agreement, the passages cited by plaintiff, which do not demonstrate that defen-

dant was contractually obligated to construct an office building upon the land in question, cannot be used to remedy the defect in plaintiff's pleading. In short, whatever "understanding" plaintiff may have thought was in place, its failure to allege that defendant was contractually obligated to use the parcel only for a specific purpose is fatal to its cause of action.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.