■ CGM CONSTRUCTION, INC., Appellant, v MICHAEL S. MILLER et al., Respondents. [693 NYS2d 763] —Graffeo, J. Appeal from order of the Supreme Court (Canfield, J.), entered July 15, 1998 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff and defendants entered into a contract in November 1994 for the construction of a single-family residence in the Town of Schodack, Rensselaer County. According to the written contract, the purchase price was $198,000 and any changes, amendments or alterations resulting in a cost increase or decrease were required to be in writing and signed by both parties.

Several days prior to the closing, plaintiff presented defendants with invoices reflecting additional costs totaling $44,705.30 in excess of the $198,000 contract price. At the closing on March 22, 1995, an acrimonious discussion took place between plaintiff and defendants with respect to the total

amount demanded by plaintiff. Defendants eventually tendered the contract purchase price of $198,000 plus an additional $18,000, which defendants maintain settled the dispute regarding the alleged extra costs. On the other hand, plaintiff argues that the total construction price was $242,705.30 and that the $216,000 paid by defendants at the closing was only credited to the total amount due, leaving an unpaid balance of $26,705.30. Once the $216,000 payment was made to plaintiff, the closing proceeded and a full warranty deed transferring title to the property was conveyed to defendants.

In October 1996, plaintiff commenced this action seeking to foreclose a mechanic's lien. After service of an amended answer, defendants moved for summary judgment dismissing the complaint, but pursuant to a stipulation between the parties, defendants withdrew their summary judgment motion and plaintiff was allowed to amend its complaint. Accordingly, plaintiff filed its amended complaint setting forth a single cause of action for quantum meruit seeking the alleged unpaid balance of $26,705.30. After answering, defendants again moved for summary judgment which was granted by Supreme Court.

Plaintiff now appeals contending that the payment terms of the contract were orally modified by the parties. It is axiomatic that a written instrument should be enforced according to its terms (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). Here, the parties clearly entered into a legally enforceable written contract in November 1994 which set forth a specific price of $198,000 and included a clause requiring changes, amendments and alterations to be in writing executed by both parties. Nevertheless, plaintiff maintains, and defendants acknowledge, that the purchase price was actually based on the cost of the labor and materials utilized in the construction of the house, in addition to a $15,000 fee to be paid to plaintiff as general contractor. Defendants personally selected certain items during the construction of the home and they were aware of the prices of these materials and items since they obtained invoices from the vendors. Notwithstanding the contract clause requiring a signed addendum pertaining to extras, "the conduct of the parties demonstrates an indisputable mutual departure from the written agreement and the changes were clearly requested by plaintiff and executed by defendant" (*Austin v Barber,* 227 AD2d 826, 828). Under these circumstances, we conclude that defendants waived the requirement of written change orders and that the parties entered into separate oral agreements regarding the "extras" to be installed in their residence (*see, Harder v Reedy,* 217 AD2d 833). The clause in the

contract prohibiting any changes unless written and executed by both parties is, therefore, not applicable in this case (*see, Austin v Barber, supra,* at 828; *Pau v Bellavia,* 145 AD2d 609, 610; *see also, Rose v Spa Realty Assocs.,* 42 NY2d 338, 341, 343).

Despite the oral modifications to the parties' agreement, plaintiff's action must fail based on the doctrine of merger which provides that all provisions regarding the sale of the real property merge into the deed and are extinguished absent a manifestation of intent for a provision to survive transfer of title (*see, Hunt v Kojac,* 245 AD2d 858). Here, the record demonstrates that on the date of the closing the parties had a disagreement with respect to the amount owed for extras pursuant to the contract. The attorney who represented plaintiff at the closing submitted an affidavit indicating that his client informed him that the actual construction costs had exceeded the estimate for its construction and that defendants and their counsel proposed that plaintiff hold a promissory note for the additional amount owed, at an interest rate identical to the interest rate that plaintiff would be charged by its bank. This proposal apparently never materialized and instead defendants agreed to pay an additional $18,000 for the "extras". After defendants tendered $216,000, the closing was consummated. Although plaintiff claims that this amount did not constitute full payment of the total amount owed, the parties never executed the alleged promissory note nor any other document or memorandum evidencing a shortfall in the amount owed or indicating an agreement to continue negotiations subsequent to the closing. In the absence of proof that the parties intended the dispute to survive the transfer of title, or that the disagreement involved a collateral undertaking not connected with the title transaction or possession, all contract provisions, including the agreement to pay any additional sum for extras, were merged into the deed and were extinguished (*see, Hunt v Kojac, supra*).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.