■ MATHIAS L. SPIEGEL, Appellant, v GEORGE W. RICKEY et al., Respondents. [727 NYS2d 549] —Carpinello, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered September 5, 2000 in Columbia County, which partially granted defendants' motions to dismiss the complaint.

In March 1967, plaintiff and defendant George W. Rickey, who owned adjoining property in Columbia County, executed a written agreement whereby plaintiff agreed to convey 75 acres of his property to Rickey for the purpose of constructing a private lake, with the cost to be shared equally between them. The agreement also provided that plaintiff would receive the right to use the lake for recreational purposes and that plaintiff and Rickey would each have a right of first refusal if the other sought to "sell or dispose of his said lands or any part thereof," except that the right of first refusal would not apply to good faith transfers to immediate family members. A December 1967 deed executed pursuant to the agreement contained a more limited right of first refusal in favor of plaintiff, which was to be triggered by Rickey's "wish to sell" the property. There was no reference in the deed to the term "or dispose of" as contained in the agreement.

In December 1991, Rickey conveyed to defendant Columbia Land Conservancy, Inc. (hereinafter CLC) a conservation easement over his property, including the 75-acre parcel acquired from plaintiff. In December 1998, after learning of Rickey's intent to convey the fee title of the property to CLC, plaintiff gave notice of his intent to exercise the right of first refusal.

Instead of conveying title, Rickey executed a written pledge agreeing to gift or devise the property to CLC.

Plaintiff thereafter commenced this action asserting, *inter alia*, that his right of first refusal was triggered by Rickey's conveyance of the conservation easement to CLC and/or the agreement to convey title to CLC. Upon CLC's motion to dismiss the complaint for failure to state a cause of action and Rickey's motion for summary judgment dismissing the complaint, Supreme Court dismissed the two causes of action which asserted that plaintiff's right of first refusal had been triggered. Plaintiff appeals.

We agree with Supreme Court that the right of first refusal provision of the March 1967 agreement merged into the subsequent deed executed pursuant to the agreement (*see, Hunt v Kojac*, 245 AD2d 858). Plaintiff claims that the parties intended the right of first refusal provision to survive delivery of the deed and that this provision represented an undertaking which was collateral to, and consequently survived, transfer of title. The agreement does not provide, however, that any of its provisions shall survive the transfer of title and there is no record evidence to support plaintiff's conclusory allegation that the parties intended the entire agreement to survive. Nor does the more limited language in the deed concerning the right of first refusal demonstrate the parties' intent to have the agreement's broader right of first refusal provision survive the closing. "[A]ny inconsistencies between the contract and the deed are presumed to be explained and governed solely by the latter" (*Alexy v Salvador*, 217 AD2d 877, 878). We also find plaintiff's collateral undertaking claim unavailing, for the right of first refusal was clearly connected with the title to the property conveyed and was an integral part of the conveyance of title (*see, id.*, at 878).

Plaintiff also claims that there are questions of fact as to whether the 1991 conveyance of the conservation easement to CLC and/or Rickey's subsequent promise to convey title to CLC were actually gifts, as opposed to sales. However, plaintiff's complaint does not allege that the transactions were sales and there is no evidence which contradicts that submitted by defendants demonstrating that they were indeed gifts. Accordingly, we conclude that the record establishes as a matter of law that plaintiff's right of first refusal was not triggered by the conveyance or promised conveyance to CLC and, therefore, Supreme Court's order dismissing the two causes of action based on the right of first refusal is affirmed.

Mercure, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.