■ ESTATE OF MATHIAS L. SPIEGEL, Respondent, v ESTATE OF GEORGE W. RICKEY, Defendant, and COLUMBIA LAND CONSERVANCY, INC., Appellant. [818 NYS2d 307]—

Carpinello, J. Appeal from that part of a judgment of the Supreme Court (Cannizzaro, J.), entered March 3, 2003 in Columbia County, upon a decision of the court that dismissed a counterclaim of defendant Columbia Land Conservancy, Inc.

This dispute arose out of a 1967 agreement between Mathias L. Spiegel and George W. Rickey to share the cost of building a lake on Spiegel's land in the Town of New Lebanon, Columbia County. As part of their agreement, Spiegel conveyed approximately 75 acres of property to Rickey to ensure that the latter would have access to the planned lake. Rickey's decision many decades later to convey his property to defendant Columbia Land Conservancy, Inc. precipitated this action by plaintiff to quiet title to the lake. The question of whether Rickey's conveyance to the Land Conservancy violated a right of first refusal in favor of Spiegel was previously before this Court (*Spiegel v Rickey*, 285 AD2d 879 [2001]). Thereafter, a nonjury trial resulted in a finding by Supreme Court that plaintiff was the sole owner of the lake. The Land Conservancy now appeals from that part of the judgment dismissing its counterclaim to enforce a restrictive covenant in Spiegel's deed to Rickey prohibiting motorboats on the lake. Even though plaintiff did not serve a reply to this counterclaim, Supreme Court found that the Land Conservancy's failure to seek a default judgment within one year warranted dismissal of the counterclaim sua

sponte (*see* CPLR 3215 [c]). Under the procedural history of this case, it was error to have done so.*

While it is true that CPLR 3215 (c) generally applies where, as here, a party fails to reply to a counterclaim and no default judgment is thereafter sought within one year (*see Iovine v Caldwell*, 256 AD2d 974, 977 [1998]), the Land Conservancy's counterclaim was inextricably intertwined with plaintiff's claim that it held unencumbered title to the lake. In our view, the interests of judicial economy are not fostered by requiring an application for a default judgment on a counterclaim when litigation on the merits of a plaintiff's related claims are still extant. None of the parties to this action evinced an intent to abandon any claim, and all parties fully participated in the trial, as well as pretrial disclosure. Under these unique circumstances, Supreme Court should not have sua sponte dismissed the counterclaim.

Turning to the merits of the counterclaim, as we are empowered to do (*see Orange & Rockland Util. v Philwold Estates*, 70 AD2d 338, 343 [1979], *mod* 52 NY2d 253 [1981]), we find the language in the deed from Spiegel to Rickey to be unambiguous and reflective of an intent to bind both grantor and grantee to the restrictions contained therein (*see id.* at 343). Specifically, in conveying the land adjacent to the lake, Spiegel granted Rickey, his heirs and assigns the right to use the lake "for recreational purposes only; said right to be in common with the right of [Spiegel]; his heirs and assigns; to use said lake for recreational purposes. No boats driven by gasoline; diesel or similar engines shall be used on said lake." Even if we were to find this language ambiguous as to whether Spiegel intended to bind himself and his successors to the prohibition against motorboats, which we do not, we would still be obligated to construe any such ambiguity most favorably to the grantee (*see Carter v Heitzman*, 198 AD2d 649, 650 [1993], *lv denied* 83 NY2d 751 [1994]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that defendant Columbia Land Conservancy, Inc. and its successors and assigns have the right to use the lake for recreational purposes in common with plaintiff and that both plaintiff and said defendant and their respective successors and assigns are each mutually bound by the restriction prohibiting motorized boats on the lake; and, as so modified, affirmed.

---

* We need not address the Land Conservancy's argument that the judgment should be modified to affirmatively declare that it has the right to use the lake for recreational purposes. Plaintiff concedes this right in its brief.