PAUL M. ARNOLD et al., Appellants, v GALE WILKINS et al., Respondents. [876 NYS2d 780]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered March 3, 2008 in Essex County, upon a decision of the court in favor of defendants.

Plaintiffs purchased an existing home from defendants in 2001. Prior to closing, the parties entered into a contract of sale which provided that the conveyance would include a sewage disposal system "in good working order as of the date of closing." A home inspection conducted prior to the closing revealed no problems with the sewage system; however, several months after the closing, the system experienced severe problems that caused wastewater to back up into the home. A subsequent inspection by an engineer revealed that the home was constructed with a conventional septic system instead of a "mound" system which, according to the engineer, would be better suited to the property's soil conditions. Plaintiffs then commenced this action alleging breach of contract and fraud. Supreme Court dismissed the complaint after a bench trial and we now affirm.[1]

With respect to plaintiffs' claim that defendants breached the contract of sale, we note that "[u]nder the well-established doctrine of merger, provisions in a contract for the sale of real estate merge into the deed and are thereby extinguished absent the parties' demonstrated intent that a provision shall survive transfer of title" (*Hunt v Kojac*, 245 AD2d 858, 858-859 [1997]; *see Schoonmaker v Hoyt*, 148 NY 425, 429-430 [1896]; *Alexy v Salvador*, 217 AD2d 877, 878 [1995]). Here, plaintiffs contend that the parties intended that defendants' promise to convey a

---

1. On appeal, plaintiffs have abandoned their fraud claim.

sewage system in good working order would survive the closing. However, the sales contract does not specify that any of its provisions are to survive the transfer of title and nothing in the record evidences such an intent.[2]

Plaintiffs alternatively contend that the merger doctrine does not apply here because the faulty sewage system was a "latent defect." In support, they rely on *Fehling v Wicks* (179 Misc 2d 1041 [1999]) for the proposition that "where the purchaser discovers latent defects which are discoverable only after the purchaser occupies the premises," the merger doctrine is inapplicable (*id.* at 1042). Importantly, however, the purported "latent defect" exception to the merger doctrine has not been adopted by the Appellate Divisions or the Court of Appeals in these circumstances. In any event, plaintiffs' own proof established that the claimed defect in the septic system existed since construction of the home in 1995 and was easily identified by plaintiffs' engineer upon investigation after the system backed up. Thus, it was "discoverable" prior to the closing.

Based upon the foregoing, we find that any claims arising from the contract of sale were extinguished by the merger doctrine (*see Rothstein v Equity Ventures*, 299 AD2d 472, 475 [2002]; *White v Long*, 204 AD2d 892, 894 [1994], *mod on other grounds* 85 NY2d 564 [1995]; *Summit Lake Assoc. v Johnson*, 158 AD2d 764, 766 [1990]). Accordingly, we do not address the parties' arguments concerning whether the sewage system was, in fact, in good working order at the time of closing.

Rose, Kane, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, with costs.

2. We are not persuaded that *Joseph v Creek & Pines* (217 AD2d 534 [1995], *lv dismissed* 86 NY2d 885 [1995], *lv denied* 89 NY2d 804 [1996]) requires a different conclusion. Although the sales contract in *Joseph* employed similar language, the underlying facts are distinguishable.