■ GERARD ALFRED CERAND, Respondent, v ALAN BURSTEIN, as Executor of FREDERICH REMILLARD, Deceased, Appellant. [897 NYS2d 789]—

Spain, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered April 1, 2009 in Tompkins County, which, among other things, denied defendant's motion to dismiss the complaint.

In November 2005, plaintiff entered into a contract for the purchase of real property located in the Village of Lansing, Tompkins County. Defendant, in his capacity as executor of the estate of Frederich Remillard, signed the contract as seller. The contract contains a condition to be satisfied by the estate, as follows: "[s]eller's providing a zoning letter from the appropriate governmental agencies stating there are no open code violations cases for said Property shall be sufficient provided Property is conveyed free thereof." Despite the estate's failure to provide such a letter prior to—or at—the closing, plaintiff agreed to close on the property upon the estate's commitment at the closing to produce the letter. Approximately one week later, the estate obtained and provided plaintiff with a letter from the Village of Lansing's Code Enforcement Officer, dated January 5, 2006, in which he states that he was "not aware of any open code violations against the [property]," but that the property had two open building permits dating from 1991 and 2004. The letter further indicates that some construction work had been done on each project, but that no recent inspections had been requested or performed. Concerned that these open permits and any unfinished or unauthorized construction work done on the property, could amount to code violations, plaintiff—relying on the zoning letter provision—attempted to get the estate to take the necessary measures to close the permits. Subsequently, the estate hired an engineer, who assessed the extent of work necessary to close the open permits and drafted a "task list" of outstanding "code issues." The estate tentatively agreed to pay for the work in the task list provided that plaintiff signed off in writing that "nothing else will be required"; plaintiff refused.

Following two years of correspondence in which the parties attempted to resolve the dispute, plaintiff commenced this action seeking specific performance or, in the alternative, damages for breach of contract, alleging that the estate failed to provide the required certifications under the zoning letter provision and failed to remedy code violations that existed at the time of the closing. Thereafter, defendant moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint based upon a documentary evidence defense. Supreme Court denied defendant's motion and defendant now appeals.

Supreme Court correctly denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1). " 'To succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim' " (*Adamkiewicz v Lansing*, 288 AD2d 531, 532 [2001], quoting *Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754, 754 [1996]; *see Angelino v Michael Freedus, D.D.S., P.C.*, 69 AD3d 1203, 1205 [2010]; *Vanderminden v Vanderminden*, 226 AD2d 1037, 1039 [1996]). Here, defendant contends that the documentary evidence establishes that plaintiff is precluded from bringing a breach of contract action because, under the doctrine of merger, the parties' prior negotiations and agreements regarding the sale of the property merged into and were extinguished by the deed. Plaintiff counters that the doctrine of merger does not bar his breach of contract action because the parties' conduct at and subsequent to the closing demonstrated an intent for the zoning letter provision to survive the transfer of the deed.

Generally, "provisions in a contract for the sale of real estate merge into the deed and are thereby extinguished" (*Hunt v Kojac*, 245 AD2d 858, 858 [1997]; *see Goldsmith v Knapp*, 223 AD2d 671, 673 [1996]; *accord Arnold v Wilkins*, 61 AD3d 1236, 1236 [2009]). However, the general rule does not apply where there is a "demonstrated intent that a provision shall survive transfer of title" (*Hunt v Kojac*, 245 AD2d at 858-859; *see 1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 771 [1999]; *Alexy v Salvador*, 217 AD2d 877, 878 [1995]). While the language of the purchase agreement is silent regarding whether the parties intended the provision to survive the closing (*see Hunt v Kojac*, 245 AD2d at 859), the record contains evidence that the parties orally agreed at the closing that the provision would survive. While the parties never executed any document or memorandum evidencing these alleged promises (*see CGM Constr. v Miller*, 263 AD2d 831, 833 [1999]), defendant's

subsequent conduct supports plaintiff's claim. The estate's conduct can be construed as waiving any provision requiring any amendments to be in writing (*see CGM Constr. v Miller*, 263 AD2d at 832) and evidenced the parties' intent for the provision to survive transfer of title. Consequently, the doctrine of merger did not extinguish plaintiff's breach of contract claim (*compare Arnold v Wilkins*, 61 AD3d at 1237; *CGM Constr. v Miller*, 263 AD2d at 833).

Defendant next asserts that the purchase contract language and the subsequently provided zoning letter prove that the estate had met its contractual obligation in that the Code Enforcement Officer was in the best position to report whether there were any actual "open code violation cases" being investigated or pursued and his statement that he was "not aware of any open code violations against [the property]" satisfied the requirement of the zoning letter provision. In contrast, plaintiff asserts that this statement by the Code Enforcement Officer means that the estate was required to provide a letter conclusively stating that there were no existing code violations and the letter provided did not satisfy that requirement.

It is well established that "[t]he construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance" (*Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747 [1997]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). During the interpretation process, "the objective is to determine the parties' intention as derived from the language employed in the contract" (*Estate of Hatch v NYCO Mins.*, 245 AD2d at 747; *see Chimart Assoc. v Paul*, 66 NY2d 570, 572 [1986]; *Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]), and the words and phrases employed must be given their plain meaning (*see Angelino v Freedus*, 69 AD3d at 1206; *Bauersfeld v Board of Educ. of Morrisville-Eaton Cent. School Dist.*, 46 AD3d 1003, 1005 [2007], *lv denied* 10 NY3d 704 [2008]; *Estate of Hatch v NYCO Mins.*, 245 AD2d at 747).

Here, the key disputed word is "cases." Applying a legal definition to that word, defendant argues that the plain meaning of "case" is a "controversy" (*see* Black's Law Dictionary 228 [8th ed 2004]) and, thus, it was specifically intended to mean "an action commenced to correct a zoning violation that had come to the attention of the code enforcement office and was being pursued by the agency." While this interpretation is not unreasonable, the word "case" is also susceptible to other reasonable interpretations. Arguably, a more commonly understood defini-

tion of "case" is "an instance of the occurrence, existence, etc., of something" (Webster's Unabridged Dictionary 321 [2d ed 1999]). Applying this interpretation, the estate was required to provide a letter stating that there were no *instances* of open code violations and, even then, such a letter would only be "sufficient provided [the property were] conveyed free thereof." Therefore, finding that the language of the contract provision is ambiguous and susceptible to alternative interpretations, defendant's documentary evidence does not resolve all factual issues so as to definitively dispose of plaintiff's claim (*see* CPLR 3211 [a] [1]).

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.