# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1239**

**CA 13-00971**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

CHARLES E. BADDING AND ANN G. BADDING,
PLAINTIFFS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

BRUCE D. INGLIS, KATHY I. BENTON, LORI I.
SESSA, DEFENDANTS-APPELLANTS,
CENTURY BRICK, INC., ET AL., DEFENDANTS.

---

HOGAN WILLIG, PLLC, AMHERST (DIANE R. TIVERON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HARTER SECREST & EMERY LLP, BUFFALO (DANIEL J. ALTIERI OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County
(Catherine R. Nugent-Panepinto, J.), entered September 21, 2012. The
order, among other things, denied the cross motion of defendants Bruce
D. Inglis, Kathy I. Benton and Lori I. Sessa for summary judgment
dismissing the amended complaint against them.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and defendants-
appellants' cross motion seeking summary judgment dismissing the
amended complaint against them is granted.

Memorandum: Plaintiffs and defendants-appellants (defendants)
entered into a contract for the sale of residential real property
owned by defendants. Pursuant to the contract defendants agreed,
inter alia, to convey to plaintiffs good and marketable title and to
deliver to plaintiffs a warranty deed at closing, which took place on
April 30, 2007. More than four years after closing, plaintiffs
commenced this action alleging that the bricks on the exterior of the
residence are defective and have been progressively deteriorating
during the period of their ownership of the property. The amended
complaint asserts three causes of action against defendants, for
breach of contract, breach of the covenant of quiet enjoyment in the
contract and the deed, and unjust enrichment.

Supreme Court erred in denying that part of defendants' cross
motion seeking summary judgment dismissing the first cause of action
against them, for breach of contract arising from defendants' alleged
failure to convey marketable title. Defendants are correct that,
"because title to the property had closed and the deed was delivered,

the doctrine of merger extinguished any claim [plaintiffs] may have had regarding the contract of sale" (*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 521; *see Arnold v Wilkins*, 61 AD3d 1236, 1236). Even assuming, arguendo, that plaintiffs raised a triable issue of fact whether the parties intended that the provision concerning marketable title would survive the transfer of title (*see Cerand v Burstein*, 72 AD3d 1262, 1264-1265; *cf. Arnold*, 61 AD3d at 1236-1237), we agree with defendants that the presence of the allegedly defective exterior bricks does not implicate their agreement to convey marketable title, because "such a situation affects the property's value, not one's right to unencumbered ownership and possession" (*Cone v Stranahan*, 44 AD3d 1145, 1147 [internal quotation marks omitted]; *see generally Bank of N.Y. v Segui*, 91 AD3d 689, 690-691).

The court also erred in denying that part of the cross motion seeking summary judgment dismissing the second cause of action, for breach of the covenant of quiet enjoyment in the contract and the deed. The same analysis for the first cause of action applies to the second with respect to the breach of the covenant in the contract. With respect to the deed, although that covenant is contained therein and thus survives closing, it " 'can be broken only by an eviction, actual or constructive, from the premises conveyed, or some portion thereof' " (*Rajchandra Corp. v Tom Sawyer Motor Inns*, 106 AD2d 798, 801, *appeal dismissed* 65 NY2d 784, 925, quoting *Scriver v Smith*, 100 NY 471, 477). A constructive eviction may be found where property is subject to an easement, as in *Scriver*, a servitude, as in *Rajchandra Corp.*, or a restrictive covenant (*see Tomanek v Shumway*, 248 AD2d 927), each of which substantially impairs the value of the property and the use or enjoyment thereof (*see generally White v Long*, 204 AD2d 892, 894, *mod on other grounds* 85 NY2d 564). In those situations, however, the owner's possession is disturbed by the actions of someone with a superior right to use the property, whether the grantor or a third party. The presence of a defective condition on the property is not equivalent to the impairment of the value of the property based on the existence of such superior rights (*see id.*). Here, defendants established that there was no such actual or constructive eviction, and plaintiffs failed to raise an issue of fact (*see generally Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 120, *rearg denied* 4 NY2d 1046).

Finally, we conclude that the court also erred in denying that part of the cross motion seeking summary judgment dismissing the third cause of action, for unjust enrichment. Unjust enrichment arises from an obligation that the law imposes in the absence of an agreement between the parties (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572). Here, the respective obligations of the parties are defined in the deed and by those provisions in the contract, if any, that the parties intended to survive transfer of title (*see Hunt v Kojac*, 245 AD2d 858, 858-859). Recovery is not available to plaintiffs under their unjust enrichment cause of action inasmuch as that cause of action merely duplicates the breach of contract causes of action (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790-791,

*rearg denied* 19 NY3d 937; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,*
70 NY2d 382, 388-389).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court