*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    520232
_____

BURKINS & FOLEY TRUCKING AND
    STORAGE, INC.,
                        Appellant,
        v                                   MEMORANDUM AND ORDER

COUNTY OF ALBANY,
                        Respondent.
_____

Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

                        _____


        Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of
counsel), for appellant.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin
W. Gray of counsel), for respondent.

                        _____


Clark, J.

        Appeal from an order of the Supreme Court (Connolly, J.),
entered July 25, 2014 in Albany County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

        In May 2010, plaintiff was the successful bidder at a
public auction for an abandoned commercial building located in
the City of Albany (hereinafter the property).  Prior to the
auction, plaintiff had visually inspected the property and
reviewed the property file provided by defendant.  Defendant
executed a quitclaim deed conveying the property to plaintiff in
September 2010, which was later recorded in October 2010.
Plaintiff alleges that after it took possession of the property

in September 2010, it discovered extensive property damage that occurred between the time of the contract and transfer of the deed. Defendant disputes these allegations. In April 2011, plaintiff commenced this action against defendant for, among other things, breach of contract. Following discovery, defendant moved for summary judgment dismissing the complaint, which motion Supreme Court granted. Plaintiff now appeals.

We affirm. Unless a land sale contract expressly provides otherwise, a vendor bears the risk of loss until legal title or possession has been transferred to the purchaser (see Kendle v Town of Amsterdam, 36 AD3d 985, 987 [2007], lv dismissed 8 NY3d 940 [2007]). However, a contract for the sale of real property merges with the deed and, as a result, the terms of the contract do not survive transfer of title unless the parties clearly specify otherwise (see Stollsteimer v Kohler, 77 AD3d 1259, 1260 [2010]; Arnold v Wilkins, 61 AD3d 1236, 1236 [2009]). Here, the terms and conditions of the auction provided that the sale would be governed by the Uniform Vendor and Purchaser Risk Act (hereinafter UVPRA), which provides a purchaser with the right to rescind the sale contract or recover money paid toward the purchase price under certain circumstances (see General Obligations Law § 5-1311 [1] [a]). However, there was no indication that plaintiff's rights under the UVPRA would survive transfer of title. In fact, the terms and conditions provided that the property would be sold "as is" and that a purchaser would not have recourse against defendant for any defects stemming from the sale. Therefore, any rights that plaintiff may have asserted under the UVPRA were extinguished when title was transferred to plaintiff.

In addition, we find no merit to plaintiff's argument that the damage constituted a latent defect. The latent defect exception to the merger doctrine has not been adopted by this Court or the Court of Appeals in these circumstances (see Arnold v Wilkins, 61 AD3d at 1237), and we decline to extend it here.

Lahtinen, J.P., Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court