107 S. Albany St., LLC v Scott (2022 NY Slip Op 07276)

107 S. Albany St., LLC v Scott

2022 NY Slip Op 07276

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534004 534498
[*1]107 S. Albany Street, LLC, Appellant-Respondent,
v
Michael Scott, Respondent, and Northeast Renovation, Inc., Respondent-Appellant.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

The Crossmore Law Office, Ithaca (Andrew P. Melendez of counsel), for appellant-respondent.
Williamson, Clune & Stevens, Ithaca (Syed Omar Shah of counsel), for respondent-appellant.

Ceresia, J.
(1) Cross appeals from an order of the Supreme Court (Joseph A. McBride, J.), entered August 16, 2021 in Tompkins County, which granted defendants' motion to dismiss the complaint as against defendant Michael Scott and upon a decision of the court in favor of plaintiff and (2) appeal from the judgment entered thereon.
Plaintiff, the owner of a parcel of real property, hired defendant Northeast Renovation, Inc. to act as general contractor for the construction of an 11-unit apartment building on the property. Defendant Michael Scott, the owner and president of Northeast, was the primary point of contact on the project. Plaintiff and Northeast entered into an American Institute of Architects construction contract, which contemplated a timetable of approximately 11 months and a project cost of approximately $1.3 million. The project was not completed on time, with each side blaming the other for the delays. After efforts between the parties to resolve the dispute failed, Northeast ultimately did not return to the job site, and plaintiff hired additional subcontractors to complete the work. Plaintiff thereafter commenced an action against defendants, alleging breach of contract and breach of fiduciary duties pursuant to Lien Law article 3-A. Defendants counterclaimed for breach of contract, quantum meruit and lost profits.
Following a nonjury trial, Supreme Court granted a motion by defendants to dismiss the complaint as against Scott, individually, and further found that both plaintiff and Northeast had breached the contract. The court then, in what it determined to be an equitable resolution, ordered Northeast to pay plaintiff $64,396.87 and entered a judgment thereon. These cross appeals ensued.
Turning first to plaintiff's appeal, Supreme Court erred in dismissing the complaint against Scott. The sole cause of action against Scott was for breach of fiduciary duty under the Lien Law. Defendants' motion to dismiss that claim, and the court's granting of the motion, were premised upon Scott's failure to make a personal guaranty. However, plaintiff's theory of liability against Scott was not based upon his execution of a personal guaranty but, rather, upon his alleged breach of his fiduciary duties by diverting trust fund assets. As such, the court's dismissal was misplaced. To the extent that defendants now assert that this cause of action should have been dismissed because of an alleged lack of standing, defendants did not raise this specific argument before Supreme Court and, as a result, it is unpreserved (see Skinner v Crandall, 140 AD3d 1215, 1215-1216 [3d Dept 2016]). Moreover, although not argued by plaintiff, we note that the failure to assert lack of standing in either an affirmative defense or a pre-answer motion to dismiss constitutes a waiver thereof (see CPLR 3211 [a] [3]; [e]; WFE Ventures, Inc. v GBD Lake Placid, LLC, 197 AD3d 824, 835 n 2 [3d Dept 2021]; Gilman v Abagnale, 235 AD2d 989, 990 [3d Dept 1997]).
As for Northeast's [*2]cross appeal, we find, as Northeast contends, that the parties' lack of compliance with the change order procedure contained in the contract did not constitute a breach. It is true that, as Supreme Court noted, the trial evidence established that the parties used informal text messages and emails in furtherance of project changes rather than following the formal, detailed change order process set forth in the contract. Nevertheless, a written change order requirement included in a construction contract "is not applicable where, as here, the conduct of the parties demonstrates an indisputable mutual departure from the written agreement and the changes were clearly requested by plaintiff and executed by defendant" (Austin v Barber, 227 AD2d 826, 828 [3d Dept 1996]). Thus, the record amply demonstrates that the parties "waived their contractual right to insist upon strict compliance" with the change order condition (Weaver v Acampora, 227 AD2d 727, 728 [3d Dept 1996]; see Burhmaster v CRM Rental Mgt., Inc., 166 AD3d 1130, 1134 [3d Dept 2018]; CGM Constr. Inc. v Miller, 263 AD2d 831, 832 [3d Dept 1999]; Austin v Barber, 227 AD2d at 828). In light of our rulings herein, the matter must be remitted for a new determination on all causes of action and counterclaims based upon the evidence submitted at trial.[FN1]
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order and the judgment are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: With respect to the competing breach of contract claims, we hold only that the failure to comply with the change order procedure does not constitute a breach of contract.