Cardinal Spellman High Sch. v Chenault (2026 NY Slip Op 50033(U))

[*1]

Cardinal Spellman High Sch. v Chenault

2026 NY Slip Op 50033(U)

Decided on January 15, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 15, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570811/25

Cardinal Spellman High School, Plaintiff-Respondent,
againstCherie M. Chenault a/k/a Sherry Shenalt, Defendant-Appellant.

Defendant appeals from a judgment of the Civil Court of the City of New York, Bronx County (Betty Lugo-Martinez, J.), entered on or about January 27, 2025, after a nonjury trial, in favor of plaintiff in the principal amount of $7,240, and limiting her recovery on her counterclaim to the principal sum of $2,000.

Per Curiam.
Judgment (Betty Lugo-Martinez, J.), entered on or about January 27, 2025, affirmed, without costs.
On a nonjury trial, the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not have been reached under any fair interpretation of the evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). Applying that review standard here, we sustain the judgment in plaintiff's favor. The totality of the evidence before the trial court supports the determination that defendant breached the parties' governing contractual agreement by failing to pay high school tuition arrears for her daughter in the amount of $7,240. Defendant's unsubstantiated assertion that she made a $9,500 cash payment to the principal of the school, which he denied receiving, is a matter of credibility, and we see no reason to disturb the findings of the trial court, which was in a superior position to assess the credibility of the witnesses. Nor was there any evidentiary support for this Court to increase the $2,000 in damages awarded on her counterclaim, since the alleged discrimination or harassment claims were based only on hearsay. Defendant's remaining contentions are either unpreserved for appellate review or without merit.
Plaintiff's present challenges to the award on the counterclaim, as well as its request for an award of pre-judgment interest are not properly before this Court as plaintiff did not file a notice of cross-appeal (see Kerns v Ishida, 208 AD3d 1102, 1103 [2022]; Reynoso v Global Mgt. Enters., LLC, 154 AD3d 446, 447 [2017]; Davis v Weg, 104 AD2d 617, 620 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: January 15, 2026